Harold Elliott, Petitioner *v.* Workmen's Compensation Appeal Board (Daily Industries, Inc.), Respondents.

Argued September 12, 1983, before Judges Rogers, Williams, Jr. and Craig, sitting as a panel of three.

*David B. Keeffe, Desisti & Keeffe, P.C.,* for petitioner.

*J. W. Schmitthenner, Epstein & Schmitthenner,* for respondent, Daily Industries, Inc.

OPINION BY JUDGE ROGERS, October 21, 1983:

A workmen's compensation claimant has appealed from an order of the Workmen's Compensation Appeal Board upholding a referee's grant of his employer's petition for modification of a notice of compensation payable. The referee ordered that the claimant, who was receiving compensation for total disability, be paid the compensation for the specific loss of one eye provided by Section 306(c) of The Pennsylvania Workmen's Compensation Act, Act of December 5, 1974, P.L. 782, *as amended,* 77 P.S. §513, and that the employer should have credit for the temporary total disability benefits that it had paid to the claimant.

The issue of the case is that of whether a claimant who suffered an injury to an eye which resulted in the loss of the eye, but who sustained no injury to any other part of his body, may have the temporary total disability benefits received under a notice of compensation payable in addition to specific loss benefits under Section 306(c) of the Act when there has been no finding as to the time when the injury resolved itself into the specific loss of the eye. Section 306(c) provides:

> For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows:
>
> . . . .
>
> (7) For the loss of an eye, sixty-six and two-thirds percentum of wages during two hundred seventy-five weeks.
>
> . . . .
>
> (25) In addition to the payments hereinbefore provided for permanent injuries of the classes specified, any period of disability necessary and required as a healing period shall be

compensated in accordance with the provisions of this subsection. . . .

For the loss of any eye, ten weeks.

Claimant suffered injury to his left eye on May 29, 1979 and his employer began paying him temporary total disability benefits under a notice of compensation payable the next day. On September 15, 1980, the employer filed a petition for modification of a notice of compensation payable in which it alleged that the injury had resolved itself into, and was limited to, the loss of the left eye. In answer to the employer's petition, the claimant admitted that the injury had resolved itself into a specific loss, but alleged that this had not occurred on May 29, 1979, the date of the injury, but on September 30, 1980.

The referee found that the claimant "was disabled solely by the injury to his left eye and not by any separate or distinct injury or by any destruction, derangement or deficiency to any other body parts." He concluded that the claimant's compensation should be modified to include only benefits provided by Section 306(c) for the specific loss of the left eye and that the employer was entitled to credit for the temporary disability payments it had paid the claimant. The Workmen's Compensation Appeal Board affirmed and this appeal followed.

The claimant argues that he is entitled to temporary total disability payments from the time of his injury until it resolved itself into the specific loss of his left eye, and thereafter to the 285 weeks of benefits provided by Section 306(c). He further contends that the date September 30, 1980 must be accepted as the date when the injury resolved itself into the specific loss and also as the date the 285 weeks of payments under Section 306(c) should commence because the

referee failed to make any finding as to when the injury resolved itself into a specific loss. The referee indeed made no finding as to when the injury resolved itself into a specific loss, but such a finding was not necessary because a claimant entitled to benefits under Section 306(c) is not entitled to any other compensation except when there is disability as the result of separate and distinct injury or insult to other parts of the body. The claimant admitted in his answer to the employer's petition that only his left eye was injured.

*Warren Car Co. v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 141, 398 A.2d 753 (1979), *appeal dismissed,* 491 Pa. 414, 421 A.2d 205 (1980) is controlling. The claimant in *Warren* was injured on April 2, 1971, and received total disability payments beginning on April 10, 1971. On October 21, 1974, the employer filed a termination petition asserting that the claimant's injury had resolved itself into a specific loss and asking that it be given credit for the total disability payments it had already paid. We rejected the claimant's argument that the employer was not entitled to credit because the injury had not resolved itself into a specific loss until October 11, 1974 and wrote:

In Killian v. Heintz Division Kelsey Hayes, 468 Pa. 200, 207-08, 360 A.2d 620, 624 (1976), our Supreme Court set forth the applicable law by citing with approval from our case of Carnovale v. Supreme Clothes, Inc., 7 Pa. Commonwealth Ct. 253, 298 A.2d 640 (1973):

In cases of specific loss claims, the well-established rule is that an employee who sustains an injury adjudged compensable under Section 306(c) of the Workmen's Compensation Act (77 P.S. 513) is not entitled to addi-

tional compensation, beyond that provided under Section 306(c), even though he may be totally disabled by injury. Yanik v. Pittsburgh Terminal Coal Corporation, 150 Pa. Super. 148, 27 A.2d 564 (1942), Hayden v. Stony Springs Coal Company et al., 157 Pa. Super. 423, 43 A.2d 384 (1945).

However, there is an exception to the general rule. A claimant is entitled to total disability benefits under Section 306(a) in addition to benefits for specific loss under Section 306(c) where there is a "destruction, derangement or deficiency in the organs of the other parts of the body." Thus if a specific loss injury results in disability which is separate and distinct from that which normally follows such an injury and which is the direct result of the injury, then benefits for total disability are allowed in addition to benefits for specific loss. Lente v. Luci, 275 Pa. 217, 222, 119 A. 132 (1922).

*Warren* at 143-144, 398 A.2d at 754.

Order affirmed.

### Order

And Now, this 21st day of October, 1983, the order of the Workmen's Compensation Appeal Board is affirmed.