529 A.2d 610

Bethlehem Mines Corporation, Petitioner v. Workmen's Compensation Appeal Board (Kozlovac), Respondents.

Submitted on briefs May 19, 1987, to Judges Mac-Phail and Doyle, and Senior Judge Narick, sitting as a panel of three.

*Robert G. Rose, Spence, Custer, Saylor, Wolfe & Rose,* for petitioner.

*Timothy P. Creany,* United Mine Workers of America, for respondent.

Opinion by Judge MacPhail, August 10, 1987:

Bethlehem Mines Corporation (Employer) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's order. We reverse the Board.

Nicholas M. Kozlovac (Claimant) suffered a crush injury to his left foot on February 10, 1982 while in the course of his employment. Employer began paying total disability benefits pursuant to a notice of compensation payable on February 11, 1982. On July 8, 1983, Em-

ployer filed a modification petition alleging that Claimant had lost the use of his left foot for all practical intents and purposes and hence was entitled only to the compensation provided for by Section 306(c) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513.

On May 11, 1984, the referee found that Claimant lost the use of his left foot effective January 31, 1984, the date Employer's medical witness was deposed.[1] The referee awarded benefits for a period of 250 weeks, pursuant to Section 306(c) of the Act, with a credit to Employer for payments made after January 31, 1984. Both Employer and Claimant appealed from the referee's decision. The Board affirmed. Only Employer has appealed from the Board's decision.

Our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law committed, or whether the findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

The referee made the following pertinent findings of fact:

> 5. In support of its Modification Petition, the defendant-employer offered the medical deposition of William R. Davison, M.D., taken on January 31, 1984. It was the professional medical opinion of Doctor Davison that the claimant had a loss of use of his left foot for all practical intents and purposes.
> 6. Claimant offered no medical evidence on his behalf.
> 7. After a review of all the evidence presented in this case, the Referee finds as a fact that the claimant suffers the loss of use of his left foot for

---

[1] The Claimant presented no medical testimony.

all practical intents and purposes, effective January 31, 1984.

8. The self-insured defendant-employer, Bethlehem Mines Corporation, are [sic] entitled to a credit for payments of compensation paid to the claimant since January 31, 1984.

Crucial to our analysis of this case is this Court's decision in *Elliott v. Workmen's Compensation Appeal Board (Daily Industries, Inc.)*, 77 Pa. Commonwealth Ct. 646, 466 A.2d 789 (1983). That case was procedurally identical to the one at bar. In that case, the Board upheld a referee's grant of an employer's modification of a notice of compensation payable. The referee had ordered the employer to pay the claimant, who was then receiving compensation for total disability, compensation for the specific loss of one eye pursuant to Section 306(c) of the Act. The referee had also held that the employer was entitled to credit for all the temporary total disability benefits it had paid up until the time the modification petition was granted. The Board affirmed the referee and this Court affirmed the Board.

In *Elliott* the claimant admitted that no other part of his body besides his left eye was injured. The referee in *Elliott* made no finding as to when the injury had resolved itself into a specific loss. The Court concluded that "such a finding was not necessary because a claimant entitled to benefits under Section 306(c) is not entitled to any other compensation except when there is disability as the result of separate and distinct injury or insult to other parts of the body." *Elliott* at 649, 466 A.2d at 790.

It is clear, then, that in the case *sub judice* unless the Claimant suffered injuries other than to his foot, his compensation is limited to the specific loss benefits provided in Section 306(c) even though he may have been rendered totally disabled by that injury. *Yanik v. Pittsburgh Terminal Coal Corp.*, 150 Pa. Superior Ct. 148,

27 A.2d 564 (1942). Claimant argued before the Board that the referee erred in not finding that Claimant had suffered injuries in addition to the loss of his left foot. The Board, however, rejected this argument citing the following exchange from the deposition of Dr. William R. Davison, the Petitioner's medical expert:

> Q. Doctor, going back, as of the time of the discharge from the hospital, do the records of your care indicate injury to any part of the body as a result of that accident beyond the left foot?
>
> A. No sir.[2]

Claimant has not raised this issue on appeal to this Court.

We must accept, then, as fact that Claimant's foot was the only part of his body injured. Where such is the case, according to this Court's holding in *Elliott*, the date upon which the injury resolved itself into a "specific loss" is not necessary in making a determination of the weeks for which the employer is entitled to credit for benefits already paid. Where there is injury to no other part of the body a claimant is entitled only to the number of weeks of compensation permitted by Section 306(c) for the specific loss. It follows that the Employer is entitled to credit for all compensation paid for total disability from the date of the original injury, February 10, 1982, to the date the modification was granted.

Order reversed and remanded.

## ORDER

The order of the Workmen's Compensation Appeal Board is reversed and the case remanded to determine the number of compensation weeks for which Bethlehem Mines Corporation is entitled to credit.

Jurisdiction relinquished.

---

[2] Deposition of William R. Davison, M.D. dated January 31, 1984 at 6-7.