Carnovale *v.* Supreme Clothes, Inc., et al.

Argued October 6, 1972, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*David J. Griffith*, with him *David L. Pennington* and *Harvey, Pennington, Herting & Renneisen, Ltd.*, for appellants.

*Joseph N. Bongiovanni, Jr.,* with him *Speese and Kephart,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 5, 1973:

This appeal stems from an award by the Workmen's Compensation Board to the appellee for total disability in addition to payments for specific loss of her hand.

On November 10, 1964, Marie Carnovale injured her hand in an accident at her employ, Supreme Clothes, Inc. The employe and the employer executed an agreement providing that compensation be paid to the employe for total disability. Thereafter payments were made pursuant to the agreement until the appellant filed a Petition for Termination[1] on September 26, 1966.

The Petition for Termination alleged that the claimant had fully recovered from her injury and was able to return to her usual employment without loss of earning capacity. After a hearing before a Referee, the claimant was awarded compensation for 75% partial disability commencing May 10, 1966.

Both employer and the claimant appealed the Referee's decision to the Workmen's Compensation Board. The employer contended that Marie Carnovale's disability had terminated, while Marie Carnovale alleged that she was still totally disabled.

The Workmen's Compensation Board sustained the appeal of Marie Carnovale and found she was entitled to compensation for total disability under Section 306(A) of the Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, §306(A), as amended, 77 P.S. 511, in addition to compensation for specific loss of a

---

[1] Section 413 of the Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, §413, as amended, 77 P.S. 772 authorizes petition for termination by either party.

hand as covered by Section 306(C) of the Act. 77 P.S. 513.

The employer's appeal to the Court of Common Pleas was dismissed. The employer has appealed that dismissal to this Court.

The appellants concede that sufficient medical testimony was presented before the Board to sustain the finding that the appellant had lost the use of her hand. The sole issue on this appeal is whether the Workmen's Compensation Board erred in finding that the claimant was entitled to total disability benefits in addition to benefits for loss of use of a hand.

We hold that the Board was not in error.

In cases of specific loss claims, the well-established rule is that an employee who sustains an injury adjudged compensable under Section 306(C) of the Workmen's Compensation Act (77 P.S. 513) is not entitled to additional compensation, beyond that provided under Section 306(C), even though he may be totally disabled by the injury. *Yanik v. Pittsburgh Terminal Coal Corporation,* 150 Pa. Superior Ct. 148, 27 A. 2d 564 (1942), *Hayden v. Stony Spring Coal Company et al.,* 157 Pa. Superior Ct. 423, 43 A. 2d 384 (1945).

However, there is an exception to the general rule. A claimant is entitled to total disability benefits under Section 306(A) in addition to benefits for specific loss under Section 306(C) where there is a "destruction, derangement or deficiency in the organs of the other parts of the body." Thus if a specific loss injury results in disability which is separate and distinct from that which normally follows such an injury and which is the direct result of the injury, then benefits for total disability are allowed in addition to benefits for specific loss. *Lente v. Luci,* 275 Pa. 217, 222, 119 A. 132 (1922).

The appellant contends that the evidence presented fails to bring the appellee within this exception.

The scope of review before this Court in a workmen's compensation case wherein the Workmen's Compensation Board awarded compensation to the claimant is limited to a determination as to whether there is substantial evidence to support the Board's findings, giving to the claimant the benefit of the most favorable inferences to be drawn from the testimony.[2] *Bambrick v. Asten Hill Mfg. Co., et al.*, 5 Pa. Commonwealth Ct. 664, 291 A. 2d 354 (1972). It is not within the province of this Court to weigh the evidence that was presented before the Workmen's Compensation Board to determine its probative value. *SKF Industries, Inc. v. Cody*, 2 Pa. Commonwealth Ct. 19, 22, 276 A. 2d 356 (1971).

The appellants allege that the only medical evidence presented concerns the appellee's hand and the appellee's right wrist. The appellants suggest that the testimony concerning injury to the wrist fails to show that there was "destruction of other parts of the body." This is the test prescribed by *Lente, supra,* which must be met before total disability benefits under Section 306(A) will be awarded in addition to specific loss under Section 306(C). It is the appellant's position that there was insufficient evidence to show that the injury to the hand was related to and causative of an injury to another distinct part of the body. Specifically appellant argues that the wrist is not a member of the body distinct from the hand. However, an examination of the evidence presented before the Board shows that the appellants take an overly restrictive view of

---

[2] Our scope of review under the provisions of the Act of February 8, 1972, P. L. (No. 12) remains the same as it was prior to the Act No. 12 of 1972. *Nash v. Sandnes' Sons, Inc.*, 6 Pa. Commonwealth Ct. 403, 295 A. 2d 615 (1972).

the medical testimony presented on behalf of the appellee.

There is testimony that the appellee's wrist is immobilized.[3] In addition to this, however, there is testimony which reveals that the appellee has a shooting pain from the hand "up the radial nerve to the elbow and shoulder,"[4] and that she suffers from a "shoulder-hand syndrome" or as it is known today, a "reflect sympathetic thrombus."[5]

Clearly then, the evidence presented before the Workmen's Compensation Board is sufficient to justify their determination that the appellee was entitled to total disability under Section 306(A) of the Workmen's Compensation Act, in addition to benefits secured under Section 306(C) for specific loss of her hand. Accordingly, we issue the following

### ORDER

AND Now, this 5th day of January, 1973, the order of the Workmen's Compensation Board dated April 1, 1971 is affirmed.

[3] Notes of Testimony, page 86(A).
[4] Notes of Testimony, page 86(A).
[5] Notes of Testimony, page 87(A).