Warren Car Company and Travelers Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Wesley M. Cressley, Respondents.

Argued October 30, 1978, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*James P. Lay, III,* with him *Gifford and Lay,* for petitioners.

*Bernard J. Hessley,* for respondents.

OPINION BY JUDGE MENCER, March 8, 1979:

On April 2, 1971, Wesley M. Cressley (claimant) was injured in the course of his employment when a crane cable supporting a railroad car slipped, dropping the car on his left hand. During the period of April 2, 1971 to October 11, 1974, the claimant was un-

der the care of various physicians and surgeons who, in addition to treating the injuries to the hand, endeavored to rehabilitate or reconstruct the injured hand. On October 11, 1974, Dr. William L. White, a noted plastic surgeon, determined that nothing more could be done to further reconstruct the claimant's hand.

Following the claimant's injury on April 2, 1971, an agreement was entered into between the claimant and his employer under the terms of which claimant was paid $60 per week for total disability, beginning April 10, 1971. On October 21, 1974, the employer filed a termination petition asserting that claimant's disability had resolved itself into a specific loss of his left hand and that the claimant had been paid more weeks of total disability than he was entitled to under the specific-loss provisions of Section 306(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513.

A referee found that the claimant had suffered a specific loss of his left hand and allowed the employer credit for all compensation paid since April 3, 1971. Claimant appealed this decision to the Workmen's Compensation Appeal Board (Board) which held that the claimant had suffered a specific loss of his left hand but, since the claimant had been under the care of various physicians until October 11, 1974, in an attempt to salvage his hand, the injury did not resolve itself into a specific loss until that date, and the employer was not entitled to a credit for compensation paid prior to October 11, 1974. This appeal by the employer followed and we reluctantly reverse.

In *Killian v. Heintz Division Kelsey Hayes,* 468 Pa. 200, 207-08, 360 A.2d 620, 624 (1976), our Supreme Court set forth the applicable law by citing with approval from our case of *Carnovale v. Supreme Clothes, Inc.,* 7 Pa. Commonwealth Ct. 253, 298 A.2d 640 (1973):

'In cases of specific loss claims, the well-established rule is that an employee who sustains an injury adjudged compensable under Section 306(c) of the Workmen's Compensation Act (77 P.S. 513) is not entitled to additional compensation, beyond that provided under Section 306(c), even though he may be totally disabled by the injury. Yanik v. Pittsburgh Terminal Coal Corporation, 105 Pa. Super. 148, 27 A.2d 564 (1942), Hayden v. Stony Springs Coal Company et al., 157 Pa. Super. 423, 43 A.2d 384 (1945).

'However, there is an exception to the general rule. A claimant is entitled to total disability benefits under Section 306(a) in addition to benefits for specific loss under Section 306(c) where there is a "destruction, derangement or deficiency in the organs of the other parts of the body." Thus if a specific loss injury results in disability which is separate and distinct from that which normally follows such an injury and which is the direct result of the injury, then benefits for total disability are allowed in addition to benefits for specific loss. Lente v. Luci, 275 Pa. 217, 222, 119 A. 132 (1922).'

The claimant contends that his case falls within the exception to the general rule in that for a period of 3½ years the treating physicians were attempting to salvage his hand and that this effort constituted a separate disability from the eventual specific loss of his left hand. However, the referee made a finding that the claimant's injuries of April 2, 1974 were restricted solely to his left hand. This finding brings the instant case within the well-established rule that an employee who sustains an injury adjudged compensable under Section 306(c) is not entitled to additional compensation.

The exception to this general rule applies only where there is a destruction, derangement or deficiency in the organs of the other parts of the body, and here the finding of the referee was that the claimant's injuries were restricted solely to his left hand. This crucial finding of the referee was affirmed and accepted by the Board, and the claimant failed to file an appeal from the decision of the Board.

Consequently, we are confronted by a finding of the referee, affirmed by the Board and unappealed by the claimant, that claimant's injuries were restricted solely to his left hand. Accordingly, we are unable to apply, as we did in *Patterson v. Lenart,* 9 Pa. Commonwealth Ct. 116, 305 A.2d 778 (1973), and *Carnovale v. Supreme Clothes, Inc., supra,* the exception to the aforementioned general rule. Further, our examination of the record convinces us that there is substantial evidence to support the referee's critical finding that claimant's injuries were restricted solely to his left hand. As the ultimate factfinder, his factual determinations, when supported by substantial and competent evidence, must be accepted. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

Although we are not unmindful that The Pennsylvania Workmen's Compensation Act must be liberally construed in favor of those whom it was intended to benefit, *Nemitz v. Air Services International,* 7 Pa. Commonwealth Ct. 373, 298 A.2d 654 (1972), we are unable to blind ourselves to established legal principles in order to produce a result that will provide extra benefits to a claimant.

Recognizing the terrible pain and suffering experienced by the claimant here, we nevertheless must hold that claimant, having suffered a specific loss of his left hand for which he is compensable under Section 306(c) of The Pennsylvania Workmen's Compen-

sation Act, is not entitled to additional compensation. *Killian v. Heintz Division Kelsey Hayes, supra.* Accordingly, the Board erred in not allowing the employer a credit for compensation paid claimant prior to October 11, 1974.

### Order

And Now, this 8th day of March, 1979, the order of the Workmen's Compensation Appeal Board, under date of November 3, 1977, relative to the claim of Wesley M. Cressley, is reversed, and this case is remanded to the Board for entry of a new order in accord with the above opinion.