Colt Industries, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Edwin H. Orr, Respondents.

Argued November 14, 1979, before Judges BLATT, CRAIG and MacPHAIL, sitting as a panel of three.

*Joseph A. Fricker, Jr.,* for petitioner.

*William R. Caroselli,* with him *Edward H. Beachler, III,* for respondent.

OPINION BY JUDGE CRAIG, January 23, 1980:

Colt Industries (employer) appeals from an order of the Workmen's Compensation Appeal Board, which set aside the determination of the referee and remanded the case to him for further testimony. The referee had denied petitioner's claim for compensation, concluding that claimant had not sustained injuries or an occupational disease within the provisions of Section 301(c)(2) of The Pennsylvania Workmen's Compensation Act,[1] nor had claimant been exposed to the hazard of an occupational disease.

On appeal, the board, determining that the referee's findings were based on substantial competent evidence, remanded the case on the ground that the referee had not completed the inquiry to which claimant was due. The board based its order on *Plasteel Production Corp. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 405, 408, 379 A.2d 908, 910 (1977), where this court held that an "occupational disease type of harm," *i.e.,* an aggravation of a disease by an occupational harm, although not rising to the level of an independently compensable disease, is an "injury" for purposes of Section 301(s).

The employe bases a motion to quash this appeal on the ground that the board's order is an interlocutory matter.

Employer alleges that the board has incorrectly remanded the case because the referee's findings were complete with respect to the issues of causation and aggravation of an occupational disease; evidence on both issues was presented at the hearing.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411.

The referee's pertinent findings were, that:

8. [D]uring the period from 1952 to November 4, 1975, inclusive, when the claimant was employed as a janitor and occasional laborer, he was not exposed to the hazard of an occupational disease.

13. Your Referee believes and accordingly finds that the claimant is disabled from performing his former occupation . . . due to pneumoconiosis; namely, silicosis and that said disease resulted from his total and cumulative exposure to a coal and silica dust hazard during his employment with the defendant during the period from 1942 to 1945 and from 1951 to 1952.

14. The claimant's employment with the defendant during the period from 1953 to November 4, 1975, inclusive, did not cause or contribute to the pneumoconiotic disease which resulted in his disability.

Although the referee's finding that claimant's employment did not "cause or contribute to the pneumoconiotic disease" could be read as implying that nothing aggravated the existing disease, we share the board's dissatisfaction with the absence of a specific finding as to the expert evidence concerning acid fumes; the sixth finding dealt only with lay testimony as to "fumes," holding only that it was conflicting. The praiseworthy depth of the referee's intensive study, which included two views of the workplace, makes the board's inquiry particularly understandable.

Neither the board nor this court should be hasty to infer that the referee made a finding that was not expressed in his decision. *Johnson v. Bethlehem Mines Corp.,* 28 Pa. Commonwealth Ct. 637, 640, 369 A.2d 910, 912 (1977).

An order of the board remanding a case to a referee for the taking of additional testimony is interlocutory and an appeal therefrom is ordinarily premature. In this case, because the remand order of the board is not clearly and undeniably in error, we cannot consider the board's order appealable. *Neville Cement Products Co. v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 79, 394 A.2d 1087 (1978).

We will quash the appeal.

### ORDER

AND NOW, this 23rd day of January, 1980, the motion to quash is granted and the petition for review filed by Colt Industries is dismissed.

This decision was reached prior to the expiration of the term of office of Judge DISALLE.