Jack Rowan, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Anemostat Products, Inc., Respondents.

Argued February 5, 1981, before Judges BLATT, MacPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Paul Sotak* of *Ralph P. Carey and Associates,* for petitioner.

*Lawrence L. Robinson,* with him *Joseph R. Thompson,* for respondents.

OPINION BY JUDGE MACPHAIL, March 20, 1981:

Jack Rowan (Claimant) appeals to this Court from an order of the Workmen's Compensation Appeal Board which reversed the decision of a referee and dismissed Claimant's petition to reinstate compensation. We reverse.

Claimant was injured in the course of his employment as a punch press operator with Anemostat Products, Inc. (Employer) when, on November 16, 1976, his left hand was caught in a punch press resulting in the partial amputation of three fingers. A notice of compensation payable in the amount of $131.90 per week was filed with the Department of Labor and Industry on December 9, 1976. A supplemental agreement was executed on March 22, 1977 which provided for compensation for the specific loss of one-half of the left first and third fingers and total loss of the left second finger. Claimant thus became entitled to compensation for a period of 80 weeks.[1]

Claimant's last compensation payment was received on or about July 14, 1978. On August 3, 1978 Claimant filed a petition for reinstatement alleging that he was totally disabled due to the injuries which he sustained on November 16, 1976. Based on evidence adduced at a hearing, the referee found that Claimant was entitled to compensation for temporary total disability as well as for specific loss. The Board re-

---

[1] Pursuant to Section 306(c) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513, Claimant was entitled to compensation for twenty-five weeks for the loss of one-half of the left first finger, forty weeks for the loss of the left second finger and fifteen weeks for the loss of one-half of the left third finger. Claimant also received compensation for a six-week healing period.

versed the referee's finding of temporary total disability and the present appeal was taken.

The sole issue for our determination is whether or not the Board erred when it deleted several of the referee's findings of fact and law and concluded that Claimant had failed to sustain his burden of proving total disability.

Our scope of review where, as here, the party with the burden of proof prevailed before the referee and the Board took no additional evidence, is to determine whether constitutional rights were violated, an error of law was committed, or a necessary finding of fact of the referee was unsupported by substantial evidence. *Fox v. Workmen's Compensation Appeal Board*, 30 Pa. Commonwealth Ct. 93, 373 A.2d 141 (1977).

The referee in the instant case found that Claimant suffered from neuromas which constitute injuries "separate, apart and distinct" from the specific losses and that Claimant was totally disabled by the neuroma pain. The Board concluded that the referee's finding constituted "an inaccurate determination from the medical evidence of Claimant's physician."

It is the general rule that an employee who sustains an injury which is compensable under Section 306(c) of the Act is not entitled to additional compensation even though he may be totally disabled by his permanent injury. *Carnovale v. Supreme Clothes, Inc.*, 7 Pa. Commonwealth Ct. 253, 298 A.2d 640 (1973). The exception to the general rule is that additional compensation may be granted under Section 306(a) of the Act, 77 P.S. §511 (total disability) for an injury to another part of the body which is a direct result of the permanent injury but which causes a disability separate, apart and distinct from that which normally follows the specific loss injury. *Lente v. Luci*, 275 Pa. 217, 119 A. 132 (1922).

In the instant case Claimant's treating physician testified that while neuromas, or nerve tumors, develop as of course when nerves are cut, "often, with time, the neuromas ... will regress to the point where the patient is able to function reasonably well." Claimant's neuroma pain, however, did not subside.[2] Claimant's doctor testified that it would be unsafe for Claimant to return to his previous work since it would require use of the injured fingers which are so painful that it is likely that Claimant would involuntarily drop items picked up with his left hand. Furthermore, according to Claimant's doctor, it would not be safe for Claimant "to work in any sort of job which requires the use of his *left hand*." (Emphasis added.) Thus, Claimant's disability is not limited to the diminished usefulness of the amputated fingers, but extends to his entire hand. The doctor testified that Claimant is totally disabled with regard to his previous work. The doctor agreed that the neuromas are separate and distinct from the specific loss injuries and that "the neuromas are by far and away the major deterrent to [Claimant's] ability."

We conclude that this testimony provides substantial evidence to support the referee's finding of total disability.

The Board concluded that the doctor's testimony "indicates that neuromas normally result from the permanent injury." While that statement may be true, the crucial inquiry is not whether neuromas normally form when nerves are severed, but whether the neuromas normally result in a *disability* such as that suffered by Claimant. We believe that the doctor's testimony that neuroma pain *often regresses* is sufficient to support

---

[2] Claimant had the original neuromas surgically removed in February, 1978, however, additional neuromas formed and Claimant continues to experience considerable pain.

the referee's finding of a separate and distinct disability. *See Truck Lubricating and Washing Co. v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 495, 421 A.2d 1251 (1980) (doctor's testimony that only one percent of his amputee-patients suffer disabling neuroma pain is sufficient to support a finding that the disability does not normally result from the permanent injury).

Since we conclude that there is substantial evidence to support the referee's findings of fact we must reverse the Board. The ultimate fact-finder where the Board takes no additional evidence is the referee and his factual determinations, when supported by substantial competent evidence, must be accepted. *Warren Car Co. v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 141, 398 A.2d 753 (1979), *appeal dismissed*, 491 Pa. 414, 421 A.2d 205 (1980).

We, accordingly, reverse the Board and reinstate the order of the referee.

### Order

And Now, this 20th day of March, 1981, the order of the Workmen's Compensation Appeal Board, at Docket No. A-77350, dated February 21, 1980 is reversed and judgment is entered in favor of the Claimant, Jack Rowan, and against Anemostat Products, Inc. and/or its insurance carrier. The Employer and/or insurance carrier is directed to pay the Claimant compensation at the rate of $131.90 per week for temporary total disability beginning November '16, 1976 and continuing to the present and indefinitely thereafter, within the limitations and provisions of The Pennsylvania Workmen's Compensation Act. The supplemental agreement executed on March 22, 1977 is hereby set aside. The defendant and/or insurance carrier is further directed to pay Claimant compensation

at the rate of $131.90 per week for a period of twenty-five weeks for the loss of one-half of the distal phalanx of the left index finger, a period of forty weeks for the industrial loss of the left middle finger, a period of fifteen weeks for the industrial loss of one-half of the distal phalanx of the left ring finger, a total of eighty weeks and said payment shall commence at such time as Claimant's temporary total disability ceases. The defendant and/or insurance carrier is entitled to a credit for all payments of compensation made from November 16, 1976 to the present. Deferred payments of compensation shall bear interest at the rate of 10 per cent per annum from the due date thereof.

The Employer and/or insurance carrier is directed to pay Attorney Ralph P. Carey, 500 Miller Building, Scranton, Pennsylvania 18503 twenty per cent of the award to the date of this decision to be deducted from the proceeds of compensation due and owing the Claimant.