549 A.2d 258

Crucible, Inc., self-insured, Petitioner *v.* Workmen's Compensation Appeal Board (Pope), Respondents.

*Joseph A. Fricker, Jr.,* for petitioner.

*Richard J. Schubert,* with him, *Richard G. Spagnolli,* for respondent, Terri A. Pope.

OPINION BY SENIOR JUDGE NARICK, October 24, 1988:
Crucible, Inc. (Employer) has petitioned for review of an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's grant of benefits to Terri A. Pope (Claimant).

Claimant was originally injured at work on January 9, 1980 when a forklift ran over her left foot. She received compensation from her Employer from that date until July 30, 1980, when the parties entered into a

supplemental agreement suspending benefits. On April 20, 1981, the parties concluded a second supplemental agreement, which provided: "all injury sustained on 1/9/80 has resolved itself into the loss of one-half of the left great toe pursuant to Section 306(c) [of The Pennsylvania Workmen's Compensation Act (Act)]."[1] That agreement further provided that the suspension of benefits under the previous supplemental agreement[2] would remain in full force and effect.

On July 24, 1981, Claimant filed the petition for reinstatement of benefits which is the subject of these proceedings. The Employer defended on the grounds that Claimant had been fully compensated for her injuries when she received the payments for the specific loss of use of her left great toe, and that the injury for which she sought compensation—pain, swelling and discoloration in her left foot—was not a separate and distinct compensable injury.

Following hearings and the submission of medical evidence, a workmen's compensation referee determined that Claimant was entitled to disability benefits[3] from August 26, 1981 until her recovery on December 10, 1982. On appeal, the Board remanded for the referee to make findings as to whether Claimant's disability was the result of a separate and distinct injury which was a normal and direct result of the injury to her great toe. In response to the remand order and without taking additional evidence, the referee added the following finding: "[C]laimant has a disability that extends into the foot beyond 50% of the left great toe." The Board found this finding insufficient on appeal and reversed

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §513.

[2] This agreement, dated July 31, 1980, is not of record.

[3] The referee awarded both partial and total disability benefits; the dates are irrelevant to this appeal.

the referee's grant of benefits. Claimant petitioned for reconsideration of that order, however, and on October 17, 1986, the Board issued an order reversing its prior decision and reinstating the referee's award, prompting Employer's appeal to this Court.

The two issues we are asked to consider are whether Claimant was entitled to reinstatement of workers' compensation benefits without a specific finding by the referee that her disability was separate and distinct from the disability attributable to her left great toe and whether Claimant met her burden of proving that her disability was due to an injury separate and distinct from the specific loss of use of one-half of her left great toe.

It is a well established rule in cases involving specific loss claims that a claimant who sustains an injury compensable under Section 306(c) of the Act is not entitled to compensation beyond that specified in that section even though he may be totally disabled by the injury. *See, e.g., Truck Lubricating & Washing Co. v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 495, 421 A.2d 1251 (1980); *Carnovale v. Supreme Clothes, Inc.*, 7 Pa. Commonwealth Ct. 253, 298 A.2d 640 (1973). The exception to this general rule is that a claimant is entitled to disability benefits for injuries which are separate and distinct from those which normally follow the specific loss injury. *Id.* Our Supreme Court has summarized this exception as follows:

'[W]here it is claimed that some other part of the body is affected, it must definitely and positively appear that it is so affected as a direct result of the permanent injury; the causal connection must be complete, and, further, the disability must be separate and distinct from that which normally follows an injury under [Section 306](c), and must endure beyond the time there-

in mentioned. There must be a destruction, derangement or deficiency in the organs of the other parts of the body. It does not include pain, annoyance, inconveniences, disability to work or anything that may come under the term "all dis-ability," or normally resulting from the perma-nent injury.'

*Killian v. Heintz Div. Kelsey Hayes,* 468 Pa. 200, 207, 360 A.2d 620, 624 (1976) *quoting Lente v. Luci,* 275 Pa. 217, 221-22, 119 A. 132, 133 (1922) (emphasis deleted).

Here, despite the Board's remand order directing him to make findings on the question of whether the injury to Claimant's foot was separate and distinct from that of her toe, the referee merely noted that the injury extended beyond the toe into the foot. The Board ulti-mately adopted Claimant's position that this factual find-ing was sufficient to establish that Claimant's foot injury was separate and distinct from the specific loss of 50% of her left great toe. Believing itself to be bound by this finding because of the referee's status as ultimate fact-finder, the Board, citing *Ryan v. Workmen's Compensa-tion Appeal Board (Automatic Timing & Controls Co.),* 82 Pa. Commonwealth Ct.' 643, 477 A.2d 16 (1984), up-held the referee's award of benefits. We disagree that this finding was sufficient to establish separate and dis-tinct injury. However, even if we were to view the find-ing as broadly as Claimant interprets it, from our re-view of the record, there is not substantial competent evidence which could have supported such a finding.[4]

In those cases in which we have allowed compensa-tion in addition to specific loss benefits, there has been evidence to support the existence of an injury separate

---

[4] Our scope of review, of course, is limited to a determination of whether constitutional rights have been violated, whether an er-ror of law has been committed or whether necessary findings of fact are supported by substantial, competent evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

and distinct from the permanent injury which did not normally follow the loss of the affected member. *See, e.g., Painter v. Workmen's Compensation Appeal Board (Universal Cyclops)*, 91 Pa. Commonwealth Ct. 59, 496 A.2d 907 (1985) (hand-shoulder syndrome following loss of use of arm independently disabling); *Penn Mar Foundaries, Inc. v. Workmen's Compensation Appeal Board (Albright)*, 76 Pa. Commonwealth Ct. 565, 464 A.2d 670 (1983) (psychosomatic pain and pain in leg and hip due to inability to ambulate properly following amputation of part of foot); *Rowan v. Workmen's Compensation Appeal Board*, 58 Pa. Commonwealth Ct. 56, 426 A.2d 1304 (1981) (total disability from neuroma pain following partial amputations of three fingers); *Truck Lubricating* (disability from rare neuroma pain resulting from finger amputation).

Here, Claimant was compensated for the specific loss of one-half of her left great toe. The following year, she was disabled by pain and swelling in her left foot, which her physician specifically related to the original crush injury on January 9, 1980. Following two operations *on her left great toe,* in August 1981 and February 1982, the pain in her foot ultimately subsided and she recovered as of December 9, 1982.

In concluding that Claimant's injures extended beyond the toe into the foot (which is undisputed), the referee relied upon his own observations, Claimant's testimony and that of her physician. However, this evidence was insufficient to establish a separate and distinct injury not normally associated with the injury to the toe. The only questions pertinent to this inquiry were posed by Employer's counsel to Claimant's physician on cross-examination, where the doctor testified, in part, as follows:

> Q. You indicated earlier in your testimony; did you not, Doctor, that the purpose of the arthroplasty [the first surgery] and the purpose

of the fusion [the second surgery] was to eliminate the pain in her toe.

A. Yes.

Q. After you eliminated the pain in her toe, she made no further complaints about pain in her foot; is that correct?

A. Apparently so.

Q. The operation that you performed was not directed towards eliminating the pain in her foot as opposed to the pain in her toe; is that correct?

A. I don't think you can disassociate the two.

Q. Would there be a referral of pain from the toe to the foot? Is that what you are saying?

A. She had one single injury which produced the injury to the foot of which the toe is a part of [sic]. I believe that she had signs and symptoms to document the diagnosis of crush injury as well as the fracture all of which were part of the same traumatic episode or injury. She has symptoms referrable [sic] to both areas. The treatment on her two surgical occasions were in an attempt to heal her un-united and painful great toe which is connected to the same foot.

. . . .

Q. When [Claimant's counsel] asked you if Miss Pope was disabled as a result of her injuries from August 6, 1981, until December 9, 1982, did you in your mind combine both the injury to her toe, that left great toe, and the injury to her left forefoot?

[Claimant's counsel]: I'm not sure I understand the question.

[Employer's counsel]: You used injuries in the pleural [sic].

[Claimant's counsel]: You are asking him his opinion on disability related to both the injury to the toe and to the left forefoot?

[Employer's counsel]: Yes.

THE WITNESS: Is there injury and disability secondary to the combination of—

Q. Yes. Did you combine both injuries in your mind to render your opinion on disability?

A. Yes.

. . . .

Q. From the time of your original surgery of August 26, 1981, until you discharged Miss Pope on December 9, 1982, would she have been in your opinion totally disabled from performing her regular occupation as a Versatran operator solely as a result of the injury to her forefoot?

A. I don't know.

(Cohen Deposition, pp. 17-18, 26, 27.)

This testimony was the only evidence of record relating to the key issue of whether Claimant's disability was due to an injury separate and distinct from the specific loss of her toe. Because Claimant's own physician was unable to separate the two, we must conclude that there was not substantial competent evidence which could have supported the finding of a separate injury.

Accordingly, Claimant is not entitled to disability benefits beyond those already paid under Section 306(c) of the Act and we must therefore reverse the Board's order.

### ORDER

AND NOW, this 24th day of October, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed.

This decision was reached prior to the resignation of Judge MACPHAIL.