551 A.2d 337

Jessop Steel Co., Petitioner *v.* Workmen's Compensation Appeal Board (Mosier), Respondents.

Submitted on briefs April 19, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Edward D. Klym,* with him, *John E. Nedlik, Trushel, Klym & Asti,* for petitioner.

*Benjamin L. Costello, Yablonski, Costello & Leckie,* for respondent, William Mosier.

OPINION BY JUDGE SMITH, December 6, 1988:

Petitioner Jessop Steel Company (Employer) appeals from the order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision awarding compensation to William Mosier (Claimant) for specific loss pursuant to The Pennsylvania Workmen's Compensation Act (Act).[1] The sole issue presented for review is whether Employer is entitled to a credit against any specific loss payments made under the instant award for total disability benefits previously paid to Claimant. The Board's decision is vacated and remanded.

Claimant currently receives total disability compensation pursuant to a Notice of Compensation Payable which was issued February 7, 1980 for work-related injuries sustained on January 24, 1980 when his legs were crushed and burned after hot steel slabs in excess of 12,900 pounds collapsed on him at work. Claimant filed the instant Petition for Review of the Notice of Compensation Payable on or about February 17, 1984 alleging that all disability as a result of his January 24, 1980 work-related injury had resolved into a loss of use of his legs, and requesting payments of specific loss benefits as opposed to total disability benefits.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1031.

After hearings held April 3, 1984; November 13, 1984; February 6, 1985; and March 12, 1986, the referee determined that Claimant was entitled to specific loss benefits for a loss of use of both legs for all practical intents and purposes under Section 306(c) of the Act, 77 P.S. §513. The referee further determined that Claimant was entitled to total disability benefits under the February 7, 1980 Notice of Compensation Payable since no evidence was presented to establish that all disability had resolved into a loss of use of both legs. The referee also directed suspension of specific loss payments until Claimant's prior total disability payments expired or upon Claimant's election to receive specific loss benefits as opposed to total disability benefits. Employer appealed to the Board, which affirmed the referee's decision, whereupon Employer petitioned this Court for review.[2]

Employer does not contest the referee's finding that Claimant lost the use of his legs for all practical intents and purposes. Findings of Fact No. 5 provides:

Upon consideration of lay testimony and all medical evidence of record in this case and based upon sufficient, competent and credible medical evidence of record in this case from Dr. Glenn Hisrich, a Board Certified orthopedic surgeon, your Referee finds as a fact that the claimant has lost the use of both his right and left legs for all practical intents and purposes.

Employer challenges instead the referee's Findings of Fact No. 6 which states as follows:

Although the claimant has clearly sustained his burden of establishing that *he has sustained a*

---

[2] This Court's scope of review in workmen's compensation cases is to determine whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

*loss of use of both his right and left legs for all
practical intents and purposes, no evidence has
been presented to establish that all disability as-
sociated with the claimant's work injury has re-
solved itself into a loss of use of his right leg and
left leg.* (Emphasis added.)

Employer contends that the referee erred in finding no
evidence to establish that all disability had resolved into
specific loss after finding that Claimant suffered a loss of
use for all practical intents and purposes. Employer also
contends that this finding is unsupported by substantial
evidence. It is Employer's position that medical testimo-
ny accepted by the referee clearly establishes the date
of Claimant's specific loss injury as January 24, 1980,
the date of his work-related incident, and that Claim-
ant's sole injury was to both legs.[3] Employer thus
argues that since the evidence establishes that Claimant
lost the use of his legs for all practical intents and pur-
poses when injured on January 24, 1980, Employer is
entitled to a credit for all payments previously made to
Claimant for total disability in excess of the amount
Claimant is authorized to receive for specific loss.[4]

---

[3] Employer cites from page five of Dr. Hisrich's deposition
testimony to support the assertion that Claimant's sole injury was to
both legs. However, Dr. Hisrich stated only that the part of
Claimant's body injured in the work-related incident was his legs.
This testimony does not rule out the possibility that Claimant may
suffer from other injuries as a direct result of his specific loss inju-
ry, causing disability separate and distinct from that which normally
follows the specific loss injury.

[4] Employer cites *Turner v. Jones & Laughlin Steel Corpora-
tion,* 479 Pa. 618, 389 A.2d 42 (1978); *McGraw Edison/Power Sys-
tems Division v. Workmen's Compensation Appeal Board,* 64 Pa.
Commonwealth Ct. 111, 439 A.2d 868 (1982); and *Warren Car
Company v. Workmen's Compensation Appeal Board,* 41 Pa. Com-
monwealth Ct. 141, 398 A.2d 753 (1979), *appeal dismissed,* 491 Pa.
414, 421 A.2d 205 (1980) in support of its entitlement to credit.

Claimant contends, on the other hand, that the only medical testimony, which was presented by Claimant's treating physician, supports the referee's findings. Claimant asserts that Dr. Hisrich never testified that Claimant's sole injury was to his legs; that testimony as to whether or not Claimant's injury extended beyond the specific loss was never elicited from Dr. Hisrich by Employer; and that the burden of proving that Claimant's disability did not extend beyond the specific loss fell upon Employer.[5] Claimant therefore argues that Employer is not entitled to credit.

This Court is precluded from effectively reviewing the matter *sub judice* in light of the ambiguity which permeates the referee's decision. The referee, on one

Although Claimant agrees that the employers in the cited cases were awarded credit, Claimant argues that the matter *sub judice* is distinguishable: The issue of whether a claimant's injury was limited to his/her specific loss was not in dispute in *Turner*; *McGraw Edison/Power Systems Division* dealt with whether sufficient evidence supported a referee's finding of loss of use of an extremity and not the instant issue; and the referee in *Warren Car Company*, unlike here, specifically found that the injury was limited to a specific body part. Even assuming *arguendo* that *Turner* and *Warren Car Company* are inapposite, *McGraw Edison/Power Systems Division* would appear to support Employer's entitlement to credit since the issue of loss of use is not in dispute.

[5] Claimant cites *Workmen's Compensation Appeal Board (Sampson) v. Brockway Glass Company*, 21 Pa. Commonwealth Ct. 444, 346 A.2d 916 (1975) in support of his assertion that the burden of proving that Claimant's disability did not extend beyond his specific loss fell upon Employer. Claimant's reliance thereon, however, is misguided. The employer in *Brockway Glass Company*, unlike the matter *sub judice*, filed the modification petition. It is the party seeking to modify the agreement, Claimant here, who has the burden of proving the allegations upon which he relies. *Berkoski v. Workmen's Compensation Appeal Board (Atlas Chain and Precision Products Company)*, 73 Pa. Commonwealth Ct. 644, 459 A.2d 458 (1983); *Mancini v. Workmen's Compensation Appeal Board*, 64 Pa. Commonwealth Ct. 484, 440 A.2d 1275 (1982).

hand, found that Claimant lost the use of his legs for all practical intents and purposes, but found as well that no evidence was presented to establish that all disability as a result of Claimant's work injury resolved into the loss of use of his legs. Findings of Fact Nos. 5, 6. Thereafter, based upon his finding of the absence of evidence to establish that all disability resolved into a specific loss, the referee determined that Claimant must be paid for total disability in accordance with the Notice of Compensation Payable. Conclusions of Law No. 2. These findings and conclusions could suggest that the referee determined that Claimant suffers from a specific loss injury as well as another distinct injury which results in total disability since Employer failed to establish that Claimant's total disability had resolved exclusively into specific loss of use of both legs. Ordinarily, a claimant whose injury is compensable as a specific loss is not entitled to additional compensation even if totally disabled by his/her permanent injury unless an injury to another part of the body is found to be the direct result of the claimant's permanent injury and causes a disability separate and distinct from that which normally follows the specific loss injury. *Painter v. Workmen's Compensation Appeal Board (Universal Cyclops)*, 91 Pa. Commonwealth Ct. 59, 496 A.2d 907 (1985).[6] However, simply because the referee found no evidence that Claimant's disability was restricted to his legs does not mean that the referee found other disabling injuries.

Furthermore, the referee also directed suspension of specific loss payments until such time as Claimant's total disability payments end or until Claimant elects to be paid specific loss benefits as opposed to total disabil-

---

[6] Claimant suggests, in his brief, that the instant matter falls within the exception to the general rule that specific loss benefits are exclusive once an injury is found compensable as a specific loss.

ity benefits. Conclusions of Law No. 2. This direction by the referee negates any finding that Claimant is entitled to total disability benefits in addition to specific loss benefits under the exception to the general rule above noted. If the matter *sub judice* is a case fitting within the exception, then Employer would not be entitled to credit for previous payments, thereby supporting the referee's silence as to the issue of credit. *See Painter.* Should this matter more appropriately fall within the general rule, however, the referee's findings are inadequate with respect to the issue of whether Employer is entitled to credit. *See Elliott v. Workmen's Compensation Appeal Board (Daily Industries, Inc.),* 77 Pa. Commonwealth Ct. 646, 466 A.2d 789 (1983).

The referee did not grant Claimant total disability benefits in addition to specific loss benefits. Therefore, his findings and conclusions may entitle Employer to a credit for all payments previously made to Claimant for total disability against the amount Claimant is authorized to receive for specific loss should Claimant at some future date elect to receive specific loss payments. This is so particularly in light of Dr. Hisrich's deposition testimony that the loss of use of Claimant's legs occurred on January 24, 1980, the date of Claimant's work-related incident[7]; the referee's silence as to the date of Claimant's specific loss as well as to any injuries Claimant may suffer which cause disability separate and distinct from that normally following Claimant's specific loss injury; and the possible confusion over which party bore the burden of proving that all disability had resolved into a specific loss.

This Court will not entertain inferences that the referee made a finding that was not expressed in his determination. *Colt Industries v. Workmen's Compensation*

---

[7] Dr. Hisrich's Deposition, p. 19.

*Appeal Board,* 49 Pa. Commonwealth Ct. 26, 410 A.2d 108 (1980). As resolution of the issue raised here depends upon the interpretation to be rendered to the referee's ambiguous decision, this matter must be vacated and remanded for clarification of the issues referred to above pursuant to Section 706 of the Judicial Code, 42 Pa. C. S. §706. *See also Newton v. Workmen's Compensation Appeal Board (Department of Labor and Industry),* 82 Pa. Commonwealth Ct. 534, 475 A.2d 1353 (1984).

### ORDER

AND NOW, this 6th day of December, 1988, the order of the Workmen's Compensation Appeal Board is vacated and this matter is remanded for purposes consistent with this opinion.

Jurisdiction is relinquished.

Judge MACPHAIL did not participate in the decision in this case.