563 A.2d 1311

**William M. MUNDORFF, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (TIPPINS MACHINERY), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 14, 1989.

Decided Sept. 18, 1989.

Reargument Denied Nov. 27, 1989.

Petition for Allowance of Appeal Denied April 30, 1990.

Amiel B. Caramanna, Jr., Alexander J. Pentecost, Pittsburgh, for petitioner.

Harry W. Rosensteel, Faderewski & Herrington, Pittsburgh, for respondents.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

COLINS, Judge.

William Mundorff (claimant) petitions for review of an order of the Pennsylvania Workmen's Compensation Appeal Board (Board) affirming a referee's decision denying claimant's petition for total disability benefits.

Claimant suffered a work-related injury on August 19, 1980 when he cut off part of his left thumb with a power saw while working as a class–C fitter for Tippins Machinery (employer). The thumb was amputated through the base of its proximal phalanx.[1] A small part of the base of the proximal phalanx remained intact and was fused to the base

---

1. The proximal phalanx is the bone of the thumb located nearest the palm of the hand.

of the thumb. The wound healed without infection and claimant regained good motion at the base of the thumb. Pursuant to a notice of compensation payable dated September 17, 1980 and a supplemental agreement dated November 11, 1980, claimant was paid benefits for the loss of the left thumb and the attendant healing period.

On July 1, 1981, at the recommendation of M. Russell Leslie, M.D., claimant underwent a pollicization of his left index finger. This involved the amputation of the finger and its repositioning onto the base of the thumb in order to replace the amputated thumb. Despite two follow-up procedures, the "new thumb" did not achieve the level of functioning desired. Claimant cannot pinch the tip of the thumb against any of the tips of his other fingers; he is unable to move the thumb away from the palm far enough to form a circle; and he is unable to use the thumb as a post for grasping his other fingers.

Claimant filed a petition to review the notice of compensation payable with the Bureau of Workers' Compensation on August 27, 1982, alleging total loss of use. The referee denied claimant's petition and the Board affirmed the denial. Claimant now petitions to this Court for review of the Board's order.

Our scope of review is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or a necessary finding of fact is unsupported by substantial evidence. 2 Pa.C.S. § 704.

Claimant initially received benefits for specific loss of his left thumb under Section 306(c) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513. He now submits that he is entitled to benefits for total loss under the limited exception contained in Section 306(c) of the Act. This exception provides that compensation for total loss under Section 306(a) of the Act [2] is also available where there is injury to another part of the body which is a direct result of the

2. 77 P.S. § 511.

specific loss injury, but which causes a disability separate and distinct from that which normally follows from the specific loss injury. *See Lente v. Luci*, 275 Pa. 217, 119 A. 132 (1922).

Our review of the record in this case reveals that the referee erred in concluding that claimant sustained no injury to another part of his body as a result of the original thumb injury. As a direct result of the loss of his thumb, claimant underwent the pollicization procedure. The referee's characterization of this procedure as elective and one not made necessary by the loss of the thumb disregards the fact that claimant underwent pollicization at the recommendation of his physician in order to restore the function of his missing thumb. The procedure, although admittedly elective, served a necessary and functional purpose rather than a cosmetic purpose.[3]

The evidence of record indicates that claimant now has a useless thumb and no index finger on his left hand. Dr. Leslie testified by deposition that claimant cannot perform fine pinch and has no power strength in his left hand for grasping. The referee found that claimant is unable to perform all of the duties of his previous occupation because he cannot climb nor do heavy lifting. However, the referee made no finding as to whether the hand, in its present condition, is useful for any purpose. If the loss of the index finger has rendered the hand useless for any function or useful only for limited function due to disability which is separate from that which would normally follow from the loss of the thumb, benefits for total loss of use of the hand are due claimant. *See generally Carnovale v. Supreme Clothes, Inc.*, 7 Pa. Commonwealth Ct. 253, 298 A.2d 640 (1973) (claimant awarded specific loss benefits for loss of injured hand also entitled to total disability benefits for loss

---

3. In hearing loss cases, the trend of the law is toward requiring claimants to pursue correctability of their injury. *See Joyce Western Corp. v. Workmen's Compensation Appeal Board (Fichtorn)*, 518 Pa. 191, 542 A.2d 990 (1988). We have no declaration that this principle extends beyond hearing loss cases. However, we note that claimant underwent the pollicization for the distinct purpose of restoring the function of his left thumb so that he could return to work.

of use of wrist resulting from "shoulder-hand syndrome" caused by original hand injury).

Accordingly, we vacate the decision of the Board. We remand for the taking of additional testimony as to this issue only and direct that the referee make the necessary findings of fact.

## ORDER

AND NOW, this 18th day of September, 1989, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is vacated. We remand for proceedings consistent with the foregoing opinion. Jurisdiction relinquished.