601 A.2d 1319

**William M. MOSIER, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (JESSOP STEEL CO.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 6, 1991.

Decided Jan. 7, 1992.

Eric P. Betzner, for petitioner.

Richard F. Welch, for respondent.

Before DOYLE and SMITH, JJ., and BLATT, Senior Judge.

SMITH, Judge.

William M. Mosier (Claimant) petitions for review of the April 1, 1991 order entered by the Workmen's Compensation Appeal Board (Board), upon remand by this Court, which reversed that part of the referee's decision which denied credit against specific loss benefits for payments made to Claimant during his lifetime for total disability compensation.[1] The referee concluded that Claimant suffered a specific loss injury pursuant to Section 306(c) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 513, and that Jessop Steel Co. (Employer) failed to sustain its burden of proving that no disability separate and apart from Claimant's specific loss existed as result of the work-related injury. The referee ordered that specific loss benefits be made to Claimant's widow, payable when total disability

---

1. Claimant died during pendency of these proceedings on August 26, 1989. His widow, Glennetta E. Mosier, has continued to pursue the claim on behalf of her husband.

benefits ceased, pursuant to Section 410 of the Act, 77 P.S. § 751, and that no credit would be allowed for total disability payments previously paid to Claimant. The Board affirmed the referee's award of specific loss benefits but reversed the denial of credit for total disability payments made by Employer.[2]

Claimant suffered a work-related injury on January 24, 1980 when hot slabs of steel collapsed, crushing and burning both his legs. A notice of compensation payable was issued providing for total disability payments. Claimant thereafter petitioned for review of the notice of compensation payable seeking to establish a specific loss of use of both legs. Employer denied that Claimant's injury had resolved itself into a specific loss. The petition was granted by the referee and the Board affirmed. Employer appealed the Board's decision to this Court which vacated the Board's order and remanded the matter for clarification of an ambiguity in the original referee's findings of fact concerning whether Claimant suffered a specific loss injury as well as another distinct injury resulting in total disability. *Jessop Steel Co. v. Workmen's Compensation Appeal Board (Mosier)*, 121 Pa.Commonwealth Ct. 493, 551 A.2d 337 (1988).

On remand, the referee found in part as follows:

7. Your Referee once again finds as a fact that the claimant has clearly met his burden of proof in establishing that he sustained a loss of use of both his right and left legs for all practical intents and purposes. Furthermore, your Referee finds that the specific loss of use occurred on January 24, 1980, as testified to by Dr. Hisrich.

8. Your Referee further finds as a fact that no sufficient, competent or credible evidence has been presented to support a finding that the claimant's injuries consisted solely of the specific loss of use of both legs. Your

---

**2.** This Court's scope of review is limited to determining whether the findings of fact are supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

Referee further finds as a fact that the claimant suffered injuries to areas of his body other than his right and left leg based upon the testimony of record, and no evidence has been presented to establish that these other injuries did not cause disability separate and apart from the specific loss of use of both legs.

The Board found there was substantial evidence in the record to support Finding of Fact No. 7, but that Finding of Fact No. 8 was not supported by the record. The Board disagreed with the referee's conclusion that "as a matter of law the defendant has failed to sustain its burden of proving that no disability separate and apart from claimant's specific loss occurred." Referee's Conclusions of Law No. 3. The Board opined that the burden to prove a disability separate and apart from the specific loss was on the Claimant and not on the Employer, thus entering the order which is the subject of this appeal.

█ Generally, when an employee sustains injuries compensable as a specific loss disability, the employee is not entitled to additional compensation even though totally disabled. Section 306(c) of the Act; *Painter v. Workmen's Compensation Appeal Board (Universal Cyclops)*, 91 Pa.Commonwealth Ct. 59, 496 A.2d 907 (1985); *Warren Car Co. v. Workmen's Compensation Appeal Board*, 41 Pa.Commonwealth Ct. 141, 398 A.2d 753 (1979), *appeal dismissed*, 491 Pa. 414, 421 A.2d 205 (1980). However, there is an exception to this rule:

[I]n addition to specific loss benefits under Section 306(c), total disability benefits may be granted under Section 306(a) of the Act, 77 P.S. § 511, where 'there is destruction, derangement, or deficiency in the organs of the other parts of the body.' *Warren*, 41 Pa.Commonwealth Ct. at 144, 398 A.2d at 754 (quoting *Killian v. Heintz Division Kelsey Hayes*, 468 Pa. 200, 207–208, 360 A.2d 620, 624 (1976)). Thus, additional compensation may be granted for an injury to another part of the body which is a direct result of the permanent injury but which causes a disability separate and distinct from that which normally

follows the specific loss injury. *Lente v. Luci*, 275 Pa. 217, 119 A. 132 (1922).

*Painter*, 91 Pa.Commonwealth Ct. at 62–63, 496 A.2d at 909. At issue here is whether Claimant's injuries constitute an exception allowing compensation under both Section 306(c) (specific loss provision) and Section 306(a), 77 P.S. § 511 (total disability provision), or whether the general rule applies allowing for either Section 306(c) or Section 306(a) compensation but not both.

■ Claimant argues that since Employer admitted Claimant's condition by agreeing to the notice of compensation payable, Claimant should not be required to prove the total disability claim solely because Employer requests a credit for prior total disability payments. Employer argues that since Claimant wishes to modify the compensation schedule, he bears the burden of proving that a separate and distinct injury exists triggering the *Painter* exceptions for recovery under Sections 306(c) and 306(a). As this Court stated in the original appeal of this case, "[i]t is the party seeking to modify the agreement, Claimant here, who has the burden of proving the allegations upon which he relies." *Jessop Steel Co.*, 121 Pa.Commonwealth Ct. at 497, n. 5, 551 A.2d at 339, n. 5. Thus it is Claimant who bears the burden of proving that he suffered a separate and distinct injury and not Employer. Therefore, the referee's conclusion that Employer had the burden to disprove a separate disability from the specific loss disability was an error of law.

■ Claimant further contends that even if he were required to prove a separate and distinct disability apart from the specific loss injury, he has done so. Claimant refers to his testimony at the April 3, 1984 hearing that his legs were both crushed and burned and that the initial injury extended from the hip down to his foot. N.T., p. 6. Additionally, in the original petition to review notice of compensation payable dated February 17, 1984, Claimant states that "[a]ll disability as a result of my January 24, 1980 work-related injury has resolved itself into a loss of

both legs. It is requested that I be paid specific loss benefits for loss of use as opposed to total disability." There is no reference, however, to any separate and distinct injury which would indicate that total disability benefits should be paid concurrently with specific loss benefits. In the absence of some other evidence, the testimony does not establish the existence of a separate and distinct disability which would establish an additional claim for total disability. Further, no additional evidence was presented to the referee by Claimant during the remand hearing. Consequently, due to the referee's error in shifting the burden to Employer to prove a disability separate and apart from the specific loss, the referee made a finding which was not supported by substantial evidence in the record, *i.e.*, that there were other injuries sufficient to trigger the *Painter* exceptions. Therefore, Claimant is not entitled to compensation under both Sections 306(c) and 306(a) of the Act.

 When a claimant is entitled to payments due to both Sections 306(a) and 306(c), he or she has a right to choose which Section will provide the greatest advantage. *Reed v. Workmen's Compensation Appeal Board,* 499 Pa. 177, 452 A.2d 997 (1982); *Turner v. Jones & Laughlin Steel Corp.,* 479 Pa. 618, 389 A.2d 42 (1978). Where claimants who do not fall within the *Painter* exceptions choose compensation for specific loss, employers are given credit for payments previously made to the claimant for total disability. *Elliott v. Workmen's Compensation Appeal Board (Daily Industries, Inc.),* 77 Pa.Commonwealth Ct. 646, 466 A.2d 789 (1983); *McGraw Edison/Power System Div. v. Workmen's Compensation Appeal Board,* 64 Pa.Commonwealth Ct. 111, 439 A.2d 868 (1982). Therefore, the referee erred in denying a credit to Employer for total disability payments made to Claimant. Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 7th day of January, 1992, the order of the Workmen's Compensation Appeal Board is affirmed.