Truck Lubricating & Washing Company and American States Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Eugene D. Durr, Respondents.

Argued May 5, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*John F. Will, Jr.*, with him *Ronald Ganassi, Will & Keisling*, for petitioners.

*Thomas P. Geer*, for respondent, Eugene D. Durr.

OPINION BY JUDGE WILLIAMS, JR., November 10, 1980:

Truck Lubricating & Washing Company (employer) and its insurance carrier, American States Insurance Company, appeal from an order of the Workmen's Compensation Appeal Board (Board) that affirmed a referee's award of compensation to respon-

dent Eugene D. Durr (claimant) for total disability, pursuant to Section 306(a) of The Pennsylvania Workmen's Compensation Act.[1]

Durr was employed as a truck driver and truck "jockey". On March 5, 1975, he splashed acid on his left index finger while performing duties for his employer. As a result of the accident, Durr underwent the amputation of one half of the finger; and he became entitled to a healing period of six weeks and twenty-five weeks. On May 5, 1975, a Notice of Compensation Payable was issued, and was modified on July 31, 1975, to correct for the proper amount of compensation. On September 25, 1975, Durr executed a Final Receipt. However, on November 28, 1975, Durr filed a petition to set aside the Final Receipt, asserting that he was still having pain and difficulties with his left hand, due to the loss of the index finger, and that he was unable to work.[2]

In May, 1976, it became necessary to amputate the remaining half of Durr's left index finger. Thereafter, he and the employer entered into a supplemental agreement providing for an additional six weeks healing period and another twenty-five weeks for the loss of the remaining half of the finger.

Between December, 1976, and November, 1977, hearings were held before a referee on Durr's petition to set aside the Final Receipt. On February 22, 1978, the referee granted the petition and awarded claimant Durr compensation for total disability under Section 306(a) of the Act. The referee found that the claimant suffered from neuroma pain caused by the original injury and that the pain rendered him disabled. The referee further characterized the neuroma

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §511.

[2] The Board determined that the petition to set aside the Final Receipt should have been considered a claim petition asserting disability.

pain as an extreme sensitivity in the central nervous system of the claimant which causes an extreme response to contact or anticipated contact, and prevents the claimant from doing his former work or any activities involving his left hand. In setting aside the Final Receipt, the referee ordered the employer to pay the claimant compensation for total disability for the period beginning March 5, 1975.

The Board affirmed the referee's decision and, in so doing, concluded that the referee's findings regarding Durr's disability were supported by the testimony of Durr's physician.

In this case there is no significant dispute as to the facts. The contested issue is whether the claimant could be awarded compensation for total disability under Section 306(a) of the Act, after having received compensation for a "specific loss" under Section 306 (c).[3]

In cases of specific loss claims, the well-established rule is that an employee who sustains an injury adjudged compensable under Section 306(c) of the Workmen's Compensation Act is not entitled to additional compensation beyond that provided under 306(c), even though he may be totally disabled by the injury. *Carnovale v. Supreme Clothes, Inc.*, 7 Pa. Commonwealth Ct. 253, 298 A.2d 640 (1973); *Yanik v. Pittsburgh Terminal Coal Corp.*, 150 Pa. Superior Ct. 148, 27 A.2d 564 (1942).

However, there is an exception to that general rule. A claimant is entitled to total disability benefits under Section 306(a), in addition to benefits for specific loss under 306(c), where there is a destruction, derangement or deficiency in the organs of the other parts of the body. *Carnovale, supra.* Thus, if a specific loss injury results in disability which is separate and distinct from that which *normally* follows such an injury

---

[3] Section 306(c), *as amended*, 77 P.S. §513.

and which is the direct result of the injury, then benefits for total disability are allowed in addition to benefits for specific loss. *Lente v. Luci*, 275 Pa. 217, 119 A. 132 (1922); *Carnovale, supra*. In the *Lente* case the Supreme Court held that the destruction of other body parts, which a claimant must show, does not include pain, annoyance, inconvenience, disability to work, or anything *normally resulting from the permanent injury*.

Crucial to the claimant's right to disability benefits is the testimony of Dr. Joseph Novak, whose deposition testimony was presented on behalf of the claimant. Dr. Novak examined Durr twice, on March 30, 1976, and on December 7, 1976. Dr. Novak testified, as follows, regarding Durr's condition after the second amputation:

Q. Is there a name for this type of difficulty that he had?

A. The name is neuroma pain, because it is the easiest name to understand. And the explanation to (sic) the pain is that the nerve heals with a neuroma. It is a small tumor of the nerve where the little fibers of the nerve grow out and form a little button. In some people, these buttons are completely insensitive. In other people, they can be awfully painful ... When we see this pain, the patient is very disabled, because of this pain, and it is rare ... I see in my practice 500 to 700 amputees a year and about one percent of my patients have this kind of neuroma pain.

According to Dr. Novak, Durr had the same type of neuroma pain after the first amputation as he did after the second amputation.

Dr. Novak further testified that Durr's left hand was useless for any kind of labor because of the neuroma pain. The doctor stated that it was reasonable

to assume that the condition was permanent and that the claimant should not pursue any activity that involved physical effort, whereby the use of the left hand would cause him to react to the pain and endanger himself or others.

The doctor observed that over the preceding ten-year period every person with a neuroma pain from amputation, who had the kind of pain the instant claimant suffered, was unsuccessful in returning to his previous laboring job. As a final opinion, Dr. Novak stated that Durr could not perform any kind of labor in the nature of his previous employment, truck driver and truck "jockey." We conclude that Dr. Novak's testimony provided substantial evidence to support the referee's finding of total disability.

Based on Dr. Novak's testimony, which the referee accepted, we must also conclude that the claimant is entitled to disability benefits under Section 306(a), notwithstanding the compensability of the specific loss under Section 306(c). Dr. Novak established that the claimant's entire left hand was useless for manual labor due to a degree of pain and sensitivity that is rare for post-amputation neuroma. In sum, the condition of the claimant's entire left hand constitutes a derangement, destruction or deficiency of another part of the claimant's body that did not follow as a normal result of the specific loss. A compensable injury cannot be limited to a specific loss or use of a body part when the injury and resulting disability extend beyond the specific part. See *Workmen's Compensation Appeal Board v. Brockway Glass*, 21 Pa. Commonwealth Ct. 444, 346 A.2d 916 (1975); *Patterson v. Lenart*, 9 Pa. Commonwealth Ct. 116, 305 A.2d 778 (1973).

In *Killian v. Heintz Division Kelsey Hayes*, 468 Pa. 200, 360 A.2d 620 (1976), our Supreme Court reiterated the principles we set forth in the *Carnovale* case concerning disability benefits where there is a specific

loss. In *Killian* the Supreme Court remanded because neither the Board nor the referee had applied the test set forth in *Carnovale* and *Lente, supra*. There was no such omission in the case at bar and the result we have reached is in no way inconsistent with the language of *Killian*.

As a final matter, the petitioners assert that the referee erred in fixing the compensation for the permanent injury to commence after the disability payments. We reject that contention. Under the circumstances of this case, that feature of the referee's award is in harmony within Section 306(d) of the Act, 77 P.S. §513(d).[4]

### Order

And Now, the 10th day of November, 1980, the order of the Workmen's Compensation Appeal Board dated May 10, 1979, at No. A-74965, is affirmed.

Truck Lubricating & Washing Company, and/or its insurance carrier, shall pay compensation to the claimant Eugene D. Durr for total disability for the period beginning March 5, 1975, at the rate of $105.13 per week, and continuing thereafter subject to the provisions of the Act. The defendants shall receive credit for all compensation paid to date.

Out of the net amount or amounts due claimant, as aforesaid, Thomas P. Geer, Esquire, shall receive a counsel fee of twenty percent (20%) thereof.

Interest shall be paid in accordance with law.

Upon lawful cessation of compensation for disability, the claimant shall receive compensation for specific loss as set forth in the referee's award.

In addition, Truck Lubricating & Washing Company and/or its carrier shall reimburse Thomas P. Geer, Esquire, for the expenses set forth in the referee's award, totalling $351.50.

---

[4] Section 306(d), *as amended*, 77 P.S. §513(d).