142 Pa. Commonwealth Ct. 588 (1991)
597 A.2d 1268
BCNR MINING CORPORATION, Petitioner,
v.
WORKMEN'S COMPENSATION APPEAL BOARD (HILEMAN), Respondent.
Commonwealth Court of Pennsylvania.
Submitted December 14, 1990.
Decided October 1, 1991.
*589 James M. Poerio, for petitioner.
Cheryl Catherine Cowen, for respondent.
Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.
KELLEY, Judge.
BCNR Mining Corporation (employer) appeals from an order of the Workmen's Compensation Appeal Board which affirmed a referee's decision granting Gary J. Hileman's (claimant) reinstatement petition. We affirm.
Claimant was injured on June 28, 1979, while working for employer as a roof bolter. Claimant suffered an injury to his right lower leg and right knee area consisting of a complete and total dislocation of the right knee with a compound tibial plateau fracture. Shortly after this injury it was determined that there was also a substantial additional injury to the vascular structures in the right leg. During the initial treatment for the injury, claimant's leg was amputated below the knee.
*590 Claimant ultimately signed a supplemental agreement and received 375 weeks of compensation for the loss of his lower right leg. Thereafter, claimant filed a reinstatement petition alleging a disabling injury separate and apart from that of the lower leg.
Claimant's doctor testified before the referee that the amputation of claimant's right lower leg was necessitated by the disruption of the vascular structures in the right leg and that the disability from the right knee was as a result of degenerative arthritis resulting from the crush injury to the knee. The referee found that the disability to claimant's right knee was separate and distinct from the disability caused by the amputation of the lower right leg in that if claimant's lower right leg was perfectly functional, claimant could not perform his last job as a roof bolter due to the disability to his right knee resulting from the June 28, 1979 injury. The referee also found that the knee was not part of the lower right leg for purposes of The Pennsylvania Workmen's Compensation Act[1] (Act) and granted claimant total disability benefits.
The board affirmed the referee's decision. It is from that order that employer now appeals to this Court.[2]
The issue before this Court is whether or not claimant may now be awarded compensation for total disability under Section 306(a)[3] of the Act, after having received compensation for a specific loss under Section 306(c).[4]
Section 306(c)(24), 77 P.S. § 513(24), provides in part as follows:

*591 For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows:
(24) [A]mputation between the ankle and the knee shall be considered as the loss of a lower leg. ... [A]mputation at or above the knee shall be considered as the loss of a leg. ...
The well established rule, in cases of specific loss claims, is that an employee who sustains an injury adjudged compensable under Section 306(c) of the Act is not entitled to additional compensation beyond that provided under 306(c), even though he may be totally disabled by the injury. Truck Lubricating & Washing Co. v. Workmen's Compensation Appeal Board, 54 Pa.Commonwealth Ct. 495, 421 A.2d 1251 (1980).
However, an exception to this general rule provides that a claimant is entitled to total disability benefits under Section 306(a), in addition to benefits for specific loss under 306(c), where there is a destruction, derangement or deficiency in the organs of the other parts of the body. Id. Therefore, if a specific loss injury results in disability which is separate and distinct from that which normally follows such an injury and which is the direct result of the injury, then benefits for total disability are allowed in addition to benefits for specific loss. Id. The destruction of other body parts which a claimant must show does not include pain, annoyance, inconvenience, disability to work, or anything normally resulting from the permanent injury. Id.
Employer argues on appeal that the referee erred in finding that the injury to claimant's right knee is separate and distinct from the below-the-knee amputation, rather than the direct and immediate cause of the amputation. To support this argument, employer contends that all disability is confined to claimant's right leg and in order for him to be entitled to total disability benefits, he must have suffered *592 separate and distinct injuries, not separate disabilities.[5] Rather than separate and distinct injuries, employer argues, the knee damage was the direct and immediate cause of the amputation.
Employer also argues that the referee is seeking to "give distinct legal effect to each part of the anatomic structure of claimant's injured knee" by finding that the knee is not part of the lower leg for purposes of the Act. Employer contends that whether the knee is part of the lower leg is not the issue and asserts that there was one injury involving the knee, severing a major artery, ultimately all of which resulted in the loss of the lower leg.
We disagree with employer's argument that claimant must have suffered separate and distinct injuries, not separate and distinct disabilities, to be entitled to total disability benefits. In Killian, the claimant suffered disability and loss of use to his left hand as a result of two separate accidents. The Supreme Court in Killian stated that:
If there had been only one accident causing the injury now affecting appellant, it would have been clear that the proper inquiry would have been to determine whether there was disability separate and distinct which normally would not have followed from the loss of the member in question.
Killian, 468 Pa. at 209, 360 A.2d at 625.
In the instant case where only one accident occurred, the referee was correct in his finding that the disability to claimant's right knee was separate and distinct from the disability caused by the amputation of claimant's lower right leg. This finding is based on substantial evidence. *593 Claimant's physician, Dr. Jack Smith, testified in his deposition as follows:
Q. Now, you did testify that you amputated the lower right leg below the knee on Mr. Hileman; is that correct?
A. That is correct, sir.
Q. And, Doctor, I now ask you to disregard completely that loss. The claimant has lost the right lower leg, he is being compensated for it; so let's disregard that part of the leg completely.
What if any work-related disability does Mr. Hileman currently have separate and distinct from the amputated lower right leg?
A. Okay. Well, if you're asking me, as I understand it, to for the moment assume that our popliteal artery surgery would have been successful and Gary were to continue to have his leg present, what would the condition of the leg be?
The injury that he had to the knee was probably the most severe injury that you could envision for a knee. It was a compound, meaning a break in the skin, fracture through the tibial plateau with dislocation, a complete disruption of every ligament structure and in this case the disruption was so severe that it also damaged the arteries.
....
Q. Doctor, right there, so it's clear for the record, the injury to the knee was separate and apart from the amputation of the lower right leg?
....
A. Yes, the amputation was necessitated by the disruption of the artery, but the injury to the knee I think is distinct in that if his leg were still on he would have considerable disability in that knee.
His X-ray picture is that of two things; ... the osteomyelitis of the stump that remains, but there is a very severe degenerative arthritis of the knee, and if that knee were to be asked to function I would say that the knee *594 would be an unstable knee because of the severe ligament injuries.
It would be a knee that on basis of the arthritis would be very painful. It would have limited movement and it would render him with considerable disability on the basis of the knee alone.
Based on Dr. Smith's testimony, which the referee accepted as credible, we also conclude that the claimant is entitled to disability benefits under Section 306(a), notwithstanding the compensability of the specific loss under Section 306(c). Dr. Smith's testimony establishes that, as a result of the permanent injury sustained by claimant on June 28, 1979, there is destruction, derangement or deficiency in claimant's right knee that normally does not follow the loss of a lower leg.
We also disagree with employer's argument that the referee erred by finding that the knee is not part of the lower leg for purposes of the Act. The language of Section 306(c)(24) distinguishes between amputations below the knee, at the knee, and above the knee. An amputation between the ankle and the knee is considered as the loss of a lower leg and amputation at or above the knee is considered as the loss of a leg. Section 306(c)(24); 77 P.S. § 513(24). This language clearly establishes that for purposes of the Act, the knee is not part of the lower leg.
Accordingly, the order of the board is affirmed.

ORDER
NOW, this 1st day of October, 1991, the order of the Workmen's Compensation Appeal Board, No. A-98092, dated February 27, 1990, is hereby affirmed.
NOTES
[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1-1031.
[2] This Court's scope of review is limited to determining whether constitutional rights have been violated, errors of law were committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; Estate of McGovern v. State Employees' Retirement Board, 512 Pa. 377, 517 A.2d 523 (1986).
[3] 77 P.S. § 511.
[4] 77 P.S. § 513.
[5] Claimant states in his brief that he does not agree with this interpretation and believes that employer is confusing the words injury and disability. Claimant argues that in accordance with Killian v. Heintz Division Kelsey Hayes, 468 Pa. 200, 360 A.2d 620 (1976), Truck Lubricating & Washing Co. v. Workmen's Compensation Appeal Board, 54 Pa.Commonwealth Ct. 495, 421 A.2d 1251 (1980), and Carnovale v. Supreme Clothes, Inc., 7 Pa.Commonwealth Ct. 253, 298 A.2d 640 (1973), all that is required is that separate and distinct disabilities be incurred to different bodily parts.