601 A.2d 449

**CITY OF PHILADELPHIA, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (WALTER BARCLAY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 25, 1991.

Decided Dec. 20, 1991.

248

Stephen A. Sawyer, Deputy City Sol., for petitioner.

James J. Kerwick, for respondent.

Before COLINS and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Before this Court is the appeal of the City of Philadelphia (Employer) from the May 28, 1991 order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of the referee who determined that Walter Barclay (Claimant) lost the use, for all practical intents and purposes, of both legs and entered an award for specific loss.

On November 27, 1966, Claimant was shot while in the course and scope of his employment as a police officer for Employer. Claimant was shot through the calf of his left leg, his shoulder, through his left lung and his spinal cord. As a result of his injury, Claimant must use a wheelchair, cannot stand and cannot walk. He is currently still being treated for these injuries as well as for depression and anxiety.

From November 27, 1966 through December 7, 1967, Claimant received his full wages in lieu of compensation (i.e. Injured on Duty pay). Claimant worked limited duty from December 8, 1967 through January 1, 1968. From January 2, 1968 through March 24, 1968, Claimant received full wages in lieu of compensation. From March 25, 1968 through March 23, 1969, Claimant worked limited duty. From March 29, 1969 through September 14, 1970, Claimant received full wages in lieu of compensation.

Since September 15, 1970, Claimant has been receiving total disability benefits from Employer under Employer's Board of Pensions and Retirement Ordinance (Ordinance) in the form of a service-connected disability pension. These payments to Claimant are from City funds and do not contain any of Claimant's contributions paid into the pension fund while in Employer's employment.

On February 8, 1988, Claimant filed a claim petition seeking loss of use of both legs under Section 306(c, d)(23) of The Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 513(23). Employer filed an answer raising the issue of whether Claimant is entitled to receive benefits for loss of use of both legs in view of his continuing total disability pension from Employer.[1] The referee awarded benefits to Claimant under the Act for loss of use of both legs for a period of 845 weeks. The Board affirmed and the matter is now before this Court.[2] The issues before this Court are whether a claimant who is receiving disability retirement benefits under a city ordinance can also be awarded specific loss benefits under the Act; if entitled to an award of loss of use of both legs, whether the compensation schedule is determined by the date of injury or the date of filing of the loss of use petition; and whether Claimant is entitled to interest on all due and unpaid compensation.

 Under Section 306(c, d)(23) of the Act, *as amended*, 77 P.S. § 513(23), the loss of both legs shall constitute total disability. The parties in this matter have stipulated that Claimant has lost the use of both legs. Therefore, Claimant's loss is a total disability. Employer initially argues that Claimant is already receiving total disability

---

1. Both parties have stipulated that Claimant has lost the use of both legs.

2. This Court's scope of review in a workmen's compensation case is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact are supported by substantial competent evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

benefits and, as such, cannot also receive loss of use benefits for the loss of use of both of his legs. Under the Act, payment for specific losses does not begin until payment for temporary total disability has ended. *Turner v. Jones & Laughlin Steel Corp.*, 479 Pa. 618, 389 A.2d 42 (1978). Claimant can receive specific loss benefits under the Act for the same injury for which Claimant is receiving total disability benefits under the Act only when either Claimant or Employer alleges and proves that the total disability has resolved itself into a specific loss. At that point, the total disability benefits cease and a claimant's benefits are limited to specific loss. *Jessop Steel Co. v. Workmen's Compensation Appeal Board (Mosier)*, 121 Pa.Commonwealth Ct. 493, 551 A.2d 337 (1988).

■ In the instant action, Employer asserts that Claimant is not alleging that his total disability has resolved itself into specific loss. Employer calls attention to the fact that Claimant specifically stipulated that he is not waiving any rights or claims to his total disability pension under the Ordinance. Employer argues that under the Act, a claimant is only entitled to specific loss benefits when his or her total disability benefits have resolved themselves into a specific loss and therefore, since Claimant is receiving disability benefits under Section 206(c) of the Ordinance, his claim for loss of both legs is nothing more than an attempt to recover double for the same injury and, as such, he is not entitled to loss of use benefits under Section 306(c, d)(23) of the Act. Consequently, Employer asserts that the referee should have suspended its obligation to pay specific loss benefits until after the period of total disability ends.

Claimant argues that he is entitled to receive specific loss benefits under the Act concurrently with his service-connected disability retirement benefits under the Ordinance. Injuries giving rise to total disability benefits under Section 306(a) of the Act encompass specific loss of use which would entitle an injured worker to payments under Section 306(c, d) of the Act. A claimant may receive total disability benefits under the Act or specific loss benefits under the

Act but not both benefits simultaneously. *Turner.* The bar to recovery for disability benefits and specific loss benefits under the Act is to avoid double payment for a single work-related injury. As correctly pointed out by Claimant, the disability benefits Claimant has been receiving from Employer are not being paid under Section 306(a) of the Act, but rather are disability retirement benefits payable under Section 206.3 of the Ordinance,[3] a source independent of the Act.

Courts have held that similar payments cannot be used to reduce worker's compensation benefits even where the total amount received exceeds the limits intended by the Act. *Humphrey v. Workmen's Compensation Appeal Board (Supermarket Service),* 100 Pa.Commonwealth Ct. 33, 514 A.2d 246 (1986); *Hartwell v. Workmen's Compensation Appeal Board (McLean Trucking Co.),* 96 Pa.Commonwealth Ct. 313, 507 A.2d 902 (1986). In this instance, both sets of payments to Claimant are pursuant to two separate laws—the Act and the Ordinance. Further, Section 206.3(c) of the Ordinance specifically states, "any medical ... benefits ... or any benefits for specific losses under Workmen's Compensation shall not be deductible from any benefits payable under this section." Consequently, Claimant is entitled to an award of loss of use benefits for both legs under Section 306(c, d)(23) of the Act.

■ Employer next argues that if Claimant is entitled to an award of loss of use benefits under the Act, then the compensation schedule is determined by the date of injury. As stipulated by the parties, Claimant was injured and lost

3. Section 206.3 of the Ordinance provides as follows:
 206.3 Upon retirement for service-connected disability, an employee subject to the provisions of Section 208 (re-examination and re-employment of disabled members), shall receive the total contributions paid by him to the retirement system, and an annual retirement benefit equal to 70 percent of his final compensations; Provided That ...
 (c) any medical or surgical benefits or facilities paid, payable to, afforded or any benefits for specific losses under Workmen's Compensation shall not be deductible from any benefits payable under this section.

the use of both legs as of November 27, 1966. At the time of Claimant's injury, compensation for loss of use of a leg was for a period of 215 weeks.[4] While Employer had notice of Claimant's injury on November 27, 1966, Employer never received notice of Claimant's claim for loss of use of both legs until the claim petition was filed by Claimant on February 8, 1988. Since Claimant's injury occurred while the 1939 version governing the schedule of compensation for disability from permanent injuries of certain classes was applicable, the number of weeks compensation for the injury in the matter at hand is pursuant to the law at the time of injury. That time period for compensation is 215 weeks.

■ Finally, Employer argues that Claimant is not entitled to any interest thereon, while Claimant asserts that he is entitled to receive 10% interest on all compensation due from February 8, 1972, (the effective date of the section amending the interest on compensation payable) and 6% interest prior to that time. Although Employer had notice of Claimant's injury when it first occurred in 1966, Claimant never applied for specific loss benefits until 1988. Claimant, of his own volition, opted not to file a claim petition for specific loss of use of his two legs for twenty-two years.[5] However, the delay in payment of compensation beginning when Employer was notified that the benefits were due and payable to Claimant is as a result of Employer. Therefore, interest in this matter as a result of Employer's delay, shall accrue at the rate of 10% from February 29, 1988 or twenty-one days from February 8, 1988, the date which both parties stipulated to as being the date Employer was placed on notice of Claimant's claim for specific loss pursuant to Section 406.1 of the Act, *as amended,* 77 P.S. § 717.1.

4. Section 306(c) of the Act, *as amended* by Section 1 of the Act of June 21, 1939, P.L. 520, 77 P.S. § 513 (1939 version) and prior to the amendment by Section 12(c)(6) of the Act of March 29, 1972, P.L. 159, *as amended,* 77 P.S. § 513(6).

5. While Claimant's injury occurred on November 17, 1966, notice to Employer of Claimant's disability was stipulated to as having been February 8, 1988.

Consequently, the May 28, 1991 order of the Board is affirmed as applied to the awarding of specific loss benefits to Claimant. However, that portion of the Board's order granting 845 weeks of compensation for specific loss is modified to 215 weeks with interest to be awarded at the rate of 10% from February 29, 1988.

## ORDER

AND NOW, this 20th day of December, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter awarding specific loss benefits to Walter Barclay is affirmed with modification. The number of weeks of such award is modified to 215 weeks with interest thereon at 10% beginning February 29, 1988.