**Louis F. RICHARDSON, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (AMERICAN SURFPAK), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 26, 1997.
Decided Dec. 15, 1997.

Edward C. Sweeney, Downingtown, for petitioner.

Jody P. Mahon, Philadelphia, for respondent.

Before COLINS, President Judge, and LEADBETTER, J., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Louis F. Richardson (Claimant) petitions for our review of an April 28, 1997 order of the Workers' Compensation Appeal Board (Board) affirming a decision of a Workers' Compensation Judge (WCJ) which granted him specific loss benefits under Section 306(c)(10) of the Workers' Compensation Act (Act).[1] We vacate and remand to the Board.

The facts, as found by the WCJ, may be summarized as follows. On August 2, 1990, Claimant sustained a work-related injury while performing his job duties as a field supervisor for American Surfpac Company (Employer) in Pueblo, Colorado.[2] He suffered serious injuries to his left hand, including the amputation of his index finger, when the hand was caught in a machine. Although he was unable to return to his pre-injury job duties, Claimant continued working for Employer until being laid off effective October 1, 1990. Claimant has been employed as a bartender since August 1, 1991, earning a lower wage than he did at his pre-injury job.

Claimant filed a claim petition alleging that he had sustained the "[c]omplete loss of first finger on left hand, crushed thumb and cut on second finger." (R.R. at 1a.) In its answer, Employer admitted only that Claimant had suffered a complete loss of his index finger. In support of his claim, Claimant presented the testimony of John M. Bomalaski, M.D., who opined the Claimant could not perform certain aspects of his pre-injury occupation. Dr. Bomalaski testified that Claimant's injury included the amputation of the left index finger, decreased sensation in the third (middle) finger with some limitation of motion, Dupuytren's contracture[3] of the fourth (ring) finger and fifth (little) finger and limitation of motion of the thumb. He stated that the combined disability of Claimant's left hand was 36%.

Employer presented the medical testimony of William G. Hart, M.D., who was of the opinion that Claimant had a permanent disability rating of 35%. Dr. Hart did not find that Claimant was disabled from performing his pre-injury employment.

The WCJ found both doctors credible, but accepted the testimony of Dr. Bomalaski over that of Dr. Hart. He nonetheless concluded that Claimant's evidence did not establish that he would have been unable to perform his job when only the injuries separate from the loss of the index finger were considered. As found by the WCJ:

14. Dr. Bomalski, however, did not testify with *specificity* as to the disability aspects resulting from the injuries which were separate and apart from the specific loss of the left index finger. While Dr. Bomalaski's opinions are accepted over that of Dr. Hart, Defendant's expert, the undersigned is not persuaded by Claimant's evidence that he would have been unable to perform the job duties of a superintendent when only such separate injuries are considered.

Based on these findings, the WCJ concluded that Claimant had met his burden of proving that he had sustained a work-related

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513(10).

2. The WCJ's decision contains numerous findings of fact relating to a jurisdictional dispute over the location of Claimant's employment. The WCJ concluded that the injury was governed by the extraterritorial provisions of Section 305.2 of the Act. The Employer appealed this issue, and

the Board affirmed. Employer has not appealed the jurisdictional issue to this Court.

3. Dupuytren's contracture is the permanent flexion of one or more fingers, caused by the contraction of the fascia in the palm of the hand. Stedman's Medical Dictionary 360 (21st ed.1966).

injury which resulted in the specific loss of his left index finger and other separate injuries to the digits of his left hand. The WCJ also concluded, however, that Claimant had not met his burden of proving any period of total disability separate and apart from the specific loss. Accordingly, benefits were awarded only for the specific loss.

■ Claimant appealed the decision, arguing that the WCJ had erred in imposing on him, rather than Employer, the burden of proving disability other than the specific loss. The Board affirmed the WCJ's determination, concluding that it was Claimant's burden to establish an entitlement to benefits for disability separate and apart from a specific loss. Claimant's appeal of the Board's decision in now before us for review.[4]

Claimant argues, initially, that the WCJ erred in assigning to him the burden of proving disability separate and apart from the specific loss. He claims that the issue of specific loss was raised by Employer, in order to limit its liability, and that therefore, Employer must prove the additional disability. We do not agree.

■ An employee who sustains a specific loss compensable under Section 306(c) of the Act is not entitled to additional compensation even though he may be totally disabled by the permanent injury. *School District of Philadelphia v. Workmen's Compensation Appeal Board (Pittman)*, 145 Pa. Cmwlth.319, 603 A.2d 266 (1992), *petition for allowance of appeal denied*, 532 Pa. 659, 615 A.2d 1314 (1992). The long-standing exception to this general rule is that when a specific loss injury results in disability which is separate and distinct from that which normally follows such an injury, then benefits for that disability are allowed in addition to specific loss benefits. *Lente v. Luci*, 275 Pa. 217, 119 A. 132 (1922). In such a case, it must "definitely and positively" appear that some other part of the body is affected, as a

direct result of the permanent injury. *Id.,* 275 Pa. at 222, 119 A. at 133.

Citing numerous decisions of this Court, Claimant contends that the "heightened" burden of proof contained in the *Lente v. Luci* exception is only applied when a party is attempting to reopen a recognized claim to use the specific loss provisions of Section 306(c) as either a "sword" or a "shield."[5] *See, e.g., LaChina v. Workmen's Compensation Appeal Board (Dana Corp.)*, 664 A.2d 204 (Pa.Cmwlth.1995) (employer filed a modification petition alleging that claimant's total disability had resolved itself into a specific loss of his right arm); *School District of Philadelphia, supra.* (employer filed a termination petition alleging that claimant's total disability had resolved into a specific loss of the index finger); *Mosier v. Workmen's Appeal Board (Jessop Steel Co.)*, 144 Pa. Cmwlth.527, 601 A.2d 1319 (1992) (claimant petitioned for review of a notice of compensation payable, seeking to establish a specific loss). Despite Claimant's argument that *Lente v. Luci* is not applicable to initial claim proceedings, there is nothing in the Supreme Court's decision which would limit its application to proceedings other than initial claims.

■ Claimant, as the moving party, clearly had the burden of establishing a right to compensation and of proving all necessary elements to support an award. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993). This would include the right to compensation for specific loss and compensation for any additional disability. Accordingly, in an initial claim proceeding in a case involving a specific loss, where a claimant seeks benefits for total disability, the claimant has the burden of proving that he has disability separate and apart from the permanent, specific loss injury, as required by *Lente v. Luci*. If the

---

4. The scope of our review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa.Cmwlth.288, 572 A.2d 843 (1990).

5. Claimant notes that the specific loss provisions can operate as a "sword," as when claimants attempt to obtain greater benefits than a specific loss, or as a "shield," when employers attempt to limit liability. *See* David B. Torrey and Andrew E. Greenberg, Pennsylvania Workers' Compensation: Law and Practice, § 5:113 (1997).

claimant cannot satisfy this burden, he is only entitled to benefits for the specific loss.

██ We, therefore, conclude that the WCJ did not err in applying the *Lente v. Luci* standard of proof to Claimant's request for total disability benefits. The issue is now whether Claimant met that burden.

The WCJ found that Claimant's medical witness did not testify with specificity as to the disability aspects resulting from Claimant's injuries which were separate and apart from the specific loss of his left index finger. He concluded, even after finding that Claimant's medical testimony was credible, that the evidence was not sufficient to establish the extent of disability from the separate injuries. Claimant argues that the WCJ committed an error of law in finding the medical evidence insufficient, or in the alternative, that there was no substantial evidence to support the finding that the medical evidence did not establish disability separate and apart from the specific loss.

Dr. Bomalaski testified that the combined injuries to Claimant's left hand resulted in a 36% impairment of the hand. He also testified that Claimant has residual problems with loss of sensation or loss of movement in his left hand and is clearly weaker on his left side. Dr. Bomalaski concluded that as a result of the residual problems, Claimant would have difficulty doing the type of machinery and construction work which he previously performed. While this testimony certainly suggests some degree of disability in Claimant's left hand, apart from the loss of the index finger, it does not address whether or not the disability in the rest of the hand was caused by an injury separate and distinct from the loss of the finger.

Moreover, *Lente v. Luci* requires the party seeking total disability benefits in addition to specific loss benefits to demonstrate that the additional disability is not what would normally follow from the specific loss injury. *See, e.g., School District of Philadelphia, supra.* (according to the medical testimony, neuroma pain in hand not uncommon in patients suffering amputation of finger; disability benefits limited to specific loss); *Truck Lubricating and Washing Co. v. Workmen's Compensation Appeal Board,* 54 Pa.Cmwlth.

495, 421 A.2d 1251 (1980) (medical evidence established only 1% of finger amputees suffer neuroma-type pain in the remaining hand; claimant entitled to total disability benefits for hand as well as specific loss benefits for amputated finger). In the case at bar, the medical testimony does not address the aspect of *Lente v. Luci* requiring proof that the alleged total disability is not that which would normally follow the specific loss.

Without medical evidence addressing the requirements of *Lente v. Luci*, and corresponding findings of fact, we are unable to conduct an effective appellate review to determine, as a matter of law, if Claimant met his burden of proof. Accordingly, we must vacate the Board's order and remand for the taking of additional medical evidence and further findings of fact.

### ORDER

AND NOW, this 15th day of December, 1997, the April 28, 1997 order of the Workers' Compensation Appeal Board is vacated, and the matter is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

