**ST. JOSEPH HOSPITAL, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (LADD), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 19, 1997.

Decided March 12, 1999.

---

James M. Connelly, Philadelphia, for petitioner.

David A. Kreider, Lancaster, for respondent.

Before COLINS, President Judge, and LEADBETTER, J., and JIULIANTE, Senior Judge.

LEADBETTER, Judge.

St. Joseph Hospital appeals from an order of the Workers' Compensation Appeal Board (Board), which granted Judith Ladd's (claimant) claim petition for specific loss benefits pursuant to Section 306(c)(23) of the Work-

ers' Compensation Act (Act),[1] thereby entitling claimant to receive both total disability benefits and specific loss benefits concurrently. We affirm in part and reverse in part.

Claimant sustained a work-related back injury in September 1988 while working as a nurse's aide for St. Joseph Hospital (employer). A Notice of Compensation Payable was issued and claimant began receiving temporary total disability benefits in accordance therewith. As a result of her back injury, claimant subsequently underwent two lumbar laminectomies, which eventually caused her to suffer from chronic adhesive lumbosacral arachnoiditis. Following the onset of claimant's arachnoiditis condition, she lost the use of both of her legs for all practical intents and purposes.

On March 1, 1993, claimant filed a claim petition seeking specific loss benefits in addition to her ongoing total disability benefits. Employer filed a timely answer to the petition as well as a modification/suspension petition.[2] On August 25, 1993, the Board entered an order which: (1) remanded the case to a Workers' Compensation Judge (WCJ) to conduct hearings on the two petitions; and (2) directed the record to be returned to the Board for a decision upon its completion.[3]

During the hearings that followed, claimant testified to the extent of her disabilities and her unsuccessful attempt to return to work to a position created by employer. In addition, the parties stipulated on the record at one of the hearings that claimant had lost the use of her legs for all practical intents and purposes, and that claimant's back injury and the loss of her legs constituted *two separate sources of disability.* R.R. 70a—71a. Finally, both parties relied upon the same medical expert, Dr. Robert Cohen, and his

---

1. Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 513(23). Section 306(c)(23) provides, in pertinent part, that "[u]nless the board shall otherwise determine, the loss of both ... legs ... shall constitute total disability, to be compensated according to the provisions of [Section 306(a), as amended, 77 P.S. § 511]."

2. In its petition for modification of benefits, employer averred that claimant was capable of re-

turning to a modified position, that it had made work available to claimant and that claimant refused to return to work.

3. It should be noted that jurisdiction in these cases remains with the Board. *See generally* David B. Torrey and Andrew E. Greenberg, Pennsylvania Workers' Compensation: Law and Practice, § 5:112.

letter summaries of claimant's condition were entered into evidence as joint exhibits.[4]

Based upon the evidence of record, the Board granted claimant's petition for specific loss benefits and denied employer's modification/suspension petition. The Board awarded claimant, *inter alia*, 820 weeks of specific loss benefits (410 weeks for each leg) and held that she was entitled to receive such concurrently with her total disability benefits. The matter was then remanded to the WCJ for the calculation of benefits.[5] The present appeal followed.[6] On appeal, employer argues that the Board erred in awarding concurrent benefits for specific loss and total disability.[7] We agree.[8]

The law in this area was set forth in *Acme Markets, Inc. v. WCAB (Hopiak)*, 127 Pa. Cmwlth. 553, 562 A.2d 419 (1989), *alloc. denied*, 525 Pa. 648, 581 A.2d 574 (1990), as follows:

> It is well established that a claimant for workmen's compensation benefits is entitled to total disability benefits, in addition to benefits for specific loss, where there is a destruction, derangement, or deficiency in organs of other parts of the body resulting from the same injury. *Truck Lu-*

> *bricating & Washing Co. v. Workmen's Compensation Appeal Board*, 54 Pa.Commonwealth Ct. 495, 421 A.2d 1251 (1980). Further, the disability must be separate and distinct from that which normally follows a specific loss injury. *Crucible, Inc. v. Workmen's Compensation Appeal Board (Pope)*, 120 Pa.Commonwealth Ct. 564, 549 A.2d 258 (1988). In such situations, which fall squarely within the provisions of Section 306(d), benefit payments for the total disability precede those awarded for the specific loss.

562 A.2d at 423.[9]

 It is equally clear, however, that while claimant is entitled to both total disability benefits and specific loss benefits, she may not receive them simultaneously, where the separate injuries arise from the same incident. *Philadelphia v. Workmen's Compensation Appeal Bd. (Barclay)*, 144 Pa. Cmwlth. 247, 601 A.2d 449, 451–52 (1991); *Turner v. Jones & Laughlin Steel Corp.*, 479 Pa. 618, 625, 389 A.2d 42, 45 (1978). Thus, although claimant is entitled to specific loss benefits for the loss of the use of her legs, she is not entitled to receive them until her total disability benefits have terminated.[10]

---

4. Dr. Cohen examined claimant over a period of time on behalf of employer. In a letter dated May 4, 1992, Dr. Cohen noted that claimant's first surgery caused excessive scar tissue to form, which led to the second operation, which, in turn, caused additional scarring and claimant's subsequent arachnoiditis. According to Dr. Cohen, claimant's tendency to form excessive scar tissue was due to an inherited condition found in 7% of the population.

5. The Board also held that claimant was entitled to a 50 week healing period. We note, however, that at a hearing following the Board's remand, counsel for claimant essentially stated that claimant was not making a claim for a healing period under Section 306(c). See R.R. 159a.

6. Based upon the issues raised, our review is limited to determining whether the Board committed an error of law. 2 Pa.C.S. § 704. We also note that pursuant to Pa. R.A.P. 311(f) and the notes thereto, the Board's order in this case is immediately appealable as of right.

7. We note that the propriety of the Board's award of 810 weeks of specific loss benefits is not before us.

8. Employer also argues in its brief that the injuries to claimant's legs and her back are not

separate and distinct because claimant's inherited tendency to develop excessive scar tissue renders her leg disability one which would normally follow from the back injury. We would reject this construction of the term "normally follow" even if the argument were not entirely inconsistent with employer's stipulation in the underlying proceedings.

9. *See also* Section 306(d), 77 P.S. § 513, "[w]here at the time of the injury the employe receives other injuries, separate from those which result in permanent injuries enumerated in [Section 306(c)], the number of weeks for which compensation is specified for the permanent injuries shall begin at the end of the period of temporary total disability which results from the other separate injuries."

10. Contrary to claimant's assertion, *Acme Markets* does not stand for the proposition that a claimant may concurrently receive total disability and specific loss benefits for injuries attributable to the same occurrence. In *Acme Markets*, this Court held that Section 306(d) did not preclude the concurrent receipt of total disability benefits and specific loss benefits when the injuries giving rise to such benefits were not the result of the same occurrence. 562 A.2d at 424.

Accordingly, the order of the Board is reversed to the extent that it concluded that claimant was entitled to receive specific loss benefits concurrently with her total disability benefits.

## *O R D E R*

AND NOW, this 12th day of March, 1999, the order of the Workers' Compensation Appeal Board in the above captioned matter is affirmed in part and reversed in part in accordance with the provisions of the foregoing opinion.